In the Matter of BENJAMIN H. WICKSEL, Respondent, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York. HERBERT COHEN, Appellant.

(Argued November 1, 1933; decided November 2, 1933.)

*William I. Siegel* for appellant.

*Marshall Snyder* and *Benjamin H. Wicksel* for respondent.

*Arthur J. W. Hilly, Corporation Counsel (J. Joseph Lilly* of counsel), for the Board of Elections of the city of New York.

Pound, Ch. J. This is an appeal on certified questions. (Civ. Pr. Act, § 588, subd. 4.) An application was made to require the Board of Elections to place the name of petitioner and one Franke on the ballot for the coming election as candidates for Alderman and Assemblyman respectively in the eighteenth Assembly and the forty-third aldermanic districts of Kings county, as nominees of the Fusion independent party.

Their nominating certificates had been rejected by the Board of Elections. The Board examined the petition and decided that it contained an insufficient number of names of qualified voters in the district. The total number of signatures required was 1,500. The signatures rejected by the Board were 336 not registered, 36 not residing in the district and four duplications. This brought the number below the required 1,500, so that it is unnecessary to pass on the validity of other signatures to the petition. The application is based chiefly on the ground that the Board of Elections had no power to make the determination it has made. (*Matter of Lindgren*, 232 N. Y. 59.)

Petitioner maintains that the Board may perform only ministerial acts which must be based upon defects appearing on the face of the petition; that the petition must be accepted as filed, although not one qualified voter

subscribes thereto, and that no attack can be made thereon on grounds not appearing literally on the face of the petition itself, except in court.

The Special Term held that the Board acted within the scope of its authority. It said: "Examining the petition to determine whether or not signers of independent nominating petitions are registered voters, reside in the district, or have signed twice, will reveal defects upon the face of the petition. This examination is a ministerial act. The Board of Elections, having all the facilities at hand to make these comparisons and being equipped with a staff of clerks representing the two major political parties, should make such examination. Its findings are sufficient to invalidate a petition and it will remain invalidated unless a claim is made that they erred in their work or acted in bad faith," and denied the application. The Appellate Division reversed and remitted the matter to the Special Term to determine whether there are 1,500 valid signatures to the petition.

The case comes here on certified questions which read as follows: " 1. Did the Board of Elections, in passing on the nominating petition of Benjamin H. Wicksel, as candidate on the City Fusion Ticket for Alderman in the 43d Aldermanic District and of Arthur Franke, as candidate on the City Fusion Ticket for member of Assembly, 18th Assembly District, County of Kings, at the general election, for the purpose of placing their names on the official ballot, pursuant to the provisions of Section 190 of the Election Law, have the power and authority to examine the public registration records and certified assembly district maps, showing election districts, in order to determine the due registration or non-registration and the residences of signatories to the said nominating petition? 2. In view of the action of the Board of Elections was there anything left to be submitted to the Supreme Court? " The face of the petition reveals the residence of the petitioners. The Board of

Elections is bound to take notice of the boundaries of the district. The petition also reveals duplications. The question remains whether the Board may examine the registration records to determine non-registration. We think that this also is a purely ministerial act calling for no exercise of discretion. The certificates are not regular on their face until it appears that they are signed by *qualified voters in the district.* " The name of a person signing such a petition   *   *   *   shall not be counted *   *   *   unless such person   *   *   *   be registered as a qualified voter." (Election Law; Cons. Laws, ch. 17, § 137.) It is, therefore, within the power of the Board to ascertain whether each signer be registered as a qualified voter. (Election Law, § 142.) This is primarily a ministerial duty. The distinction between ministerial and judicial acts is that where the law prescribes the rule to be followed so as to leave nothing to the exercise of judgment or discretion, the act is a ministerial act, but where the act involves the exercise of judgment or discretion in determining whether the duty exists, the act is judicial. While it is broadly stated that " if for any reason not appearing upon the papers the certificate is insufficient, illegal or invalid and the names of the nominees should not be placed upon the official ballot, a direction to this effect should first be made by the Supreme Court or the county judge " (*Matter of Lindgren, supra,* at p. 62), this does not deprive the Board of Elections of the power to check up the names on a petition and reject those which as a matter of law have by reason of non-residence or non-registration unquestionably no right to be counted as qualified signers of a petition for an independent nomination. This we hold to be a ministerial duty. The Board follows an undeviating rule of law.

No dispute is raised on this appeal as to the invalidity of the signatures rejected by the Board. No opportunity has been had to present evidence on this point. We are

called on merely to answer the questions certified. The action of the Board was legal but not final; the whole matter is open for review in the Special Term (Election Law, § 330).

The order of the Appellate Division should be affirmed, without costs. The questions certified should be answered in the affirmative.

CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Order affirmed, etc.