In the Matter of Louis A. WARSOFF, Appellant, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Argued October 5, 1942; decided October 8, 1942.

*Robert H. Elder* for appellant. The dismissal was error because petitioner made out a *prima facie* case. (*Matter of Case,* 214 N. Y. 199; *Slocum* v. *N. Y. Life Ins. Co.,* 228 U. S. 364; *Diamond* v. *Diamond,* 259 App. Div. 690; *Matter of Wicksel* v. *Cohen,* 262 N. Y. 446.) As to " erasures " interlineations or alterations to the number of seven hundred eighty-one none of the objections is valid and all should have been overruled and the seven hundred eighty-one names counted. (*Matter of Bromley,* 128 Misc. Rep. 662; *Crossman* v. *Crossman,* 95 N. Y. 145; *Matter of Wood,* 144 App. Div. 259; *Matter of Baldwin,* 242 App. Div. 727.)

*John P. McGrath, Saul C. Cohen* and *Abraham J. Multer* for Morton Singer, respondent. The burden of proof was on appellant, who failed to sustain it. (*Matter of McDonnell* v. *Cohen,* 252 App. Div. 277; 275 N. Y. 644.) Unexplained changes and alterations invalidate a designating petition. (*Matter of Waters,* 248 App. Div. 830; *Matter of Dimenstein,* 255 App. Div. 722; *Farmers Loan & Trust Co.* v. *Siefke,* 144 N. Y. 354; *New Rochelle Sec. Co.* v. *International Thrift Society,* 270 N. Y. 52; *National Ulster County Bank* v. *Madden,* 114 N. Y. 280; *Gowdey* v. *Robbins,* 3 App. Div. 353.)

*William C. Chanler, Corporation Counsel* (*Stanley Buchsbaum, Paxton Blair* and *H. Broadman Epstein* of counsel), for Board of Elections of the City of New York, respondent. The Board of Elections was empowered to adopt the principle that erasures and alterations invalidate a signature until explained away. There is no time for them to defer their ruling until witnesses have been examined. (*Matter of Sanford* v. *Commissioner of Internal Revenue,* 308 U. S. 39; *Matter of Baldwin,* 242 App. Div. 727; *Matter of Nunley* v. *Cohen,* 258 App. Div. 746; *Matter of Zelman,* 255 App. Div. 832; *Matter of Sullivan,* 259 App. Div. 752; *Matter of Marion,* 174 Misc. Rep. 897.) When a designating petition has been pronounced invalid by the Board of Elections the burden is on the

petitioner to show that its determination was erroneous. (*Matter of McDonnell* v. *Cohen*, 252 App. Div. 277; 275 N. Y. 644; *People ex rel. Manhattan Ry. Co.* v. *Barker*, 146 N. Y. 304; *People* v. *Cook*, 8 N. Y. 67; *Morgan* v. *Quackenbush*, 22 Barb. 72.)

*Per Curiam.* The Board of Elections was justified in its ruling that, in the absence of explanation, erasures or alterations, not initialled by the notary public, and other defects appearing on the face of the petition invalidate a sufficient number of signatures to require rejection of the petition.

The order should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order affirmed.