In the Matter of CHARLES A. COLLINS, Petitioner, against WILLIAM J. HEFFERNAN et al.; Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, August 13, 1946.

*Nathan Dambroff* for petitioner.

*John J. Bennett, Corporation Counsel* (*Russell Lord Tarbox* of counsel), for Board of Elections, respondent.

*Charles Horowitz* and *Nathan J. Stein* for Harold I. Panken, objector, respondent.

DICKSTEIN, J. This is an application to set aside the action of the Board of Elections declaring invalid the designating petition of Charles A. Collins as a candidate of the Democratic Party for State Senator from the Twenty-first Senatorial District. The petitioner also seeks an order validating his petition and directing the Board of Elections to print his name as a candidate in the forthcoming primary election.

Insofar as the petitioner seeks to set aside the action of the Board of Elections it is based on the fact that the Board of Elections did not have the right to seek evidence of facts not appearing on the face of the petition filed. In this respect the court is of the opinion that the petitioner is right and if there were not before the court an independent application to have this petition validated the court would have granted the motion on the authority cited, *Matter of Bednarsh* v. *Cohen* (267 App. Div. 133). The petitioner, however, having invoked the power of the court directing the validation of this petition, it became incumbent upon him to show that his petition was not tainted with fraud. This the petitioner failed to do (*Matter of Warsoff* v. *Cohen,* 264 App. Div. 953, affd., 289 N. Y. 108).

It appeared from the testimony taken before me that a number of sheets constituting the designating petition of Charles A. Collins were delivered by the petitioner's printer on June 24, 1946, and placed into circulation on that date. Nevertheless the sheets as filed on July 16, 1946, are dated as of June 20, 1946, or earlier, a date which is clearly incorrect since the sheets in question were not in existence at the time they were allegedly circulated. Dates of execution are material and courts have stricken out as invalid signatures appearing on petitions prior to the date of printing (*Matter of Thompson* v. *Bd. of Elections of City of N. Y.,* N. Y. L. J., Sept. 9, 1939, p. 581, col. 4, affd. 257 App. Div. 1067; *Matter of Higbee,* 153 Misc. 1).

It has also been established by an examination of the sheets constituting the designating petition that many of the subscribing witnesses and all of the notaries public who participated in predating of all of the sheets involved were the same persons on the remaining sheets of said petition. The petitioner, although having the burden of proof to establish the validity of the petition before this court, failed to call any of the notaries public or subscribing witnesses who might have, if possible, explained their acts and conduct or contradicted the testimony

of the candidate's own printer to the effect that eighty-three of the sheets were dated before the date when the same had been delivered and seventy-seven sheets showed evidence of alterations.

The courts have hesitated in depriving a citizen from being a candidate in a primary or general election (*Matter of Lefkowitz* v. *Cohen,* 262 App. Div. 452, affd. 286 N. Y. 499). Nevertheless, where it is clearly apparent that wholesale fraud and unexplained wrongdoing have been committed, the court has no alternative but to declare a petition invalid so that if any citizen is disfranchised it is not to be ascribed to any other cause but to his own malfeasance.

It cannot help the petitioner to assert that he himself did not participate in any of the acts of fraud charged in this matter. The testimony on this point shows that the election workers who procured the signatures to this candidate's petition as well as the notaries and subscribing witnesses were all agents, employees and friends of this candidate. Their acts must clearly be chargeable to him (*Weisberger* v. *Cohen,* 22 N. Y. S. 2d 1011, affd. *sub nom. Matter of Weisberger* v. *Cohen,* 260 App. Div. 392).

For the foregoing reasons the application must be denied.