In the Matter of WILLIAM T. ANDREWS, Petitioner, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, July 17, 1947.

*Nathan Dambroff* for petitioner.

*Charles E. Murphy, Corporation Counsel (Russell Lord Tarbox* of counsel), for respondents.

McNALLY, J. Prior to June 24, 1947, a petition was circulated among enrolled voters of the American Labor Party in the 23d Senatorial District, designating the petitioner herein as a candidate for the nomination of the American Labor Party for the public office of State Senator from the 23d Senatorial District of the State of New York, to be voted for at the primary election of the American Labor Party to be held on July 29, 1947.

The petitioner is an enrolled voter in the Democratic Party. This petition, containing a valid number of signatures, was filed with the Board of Elections on the 24th day of June, 1947, the last day for such filing. Up to the present year an enrolled voter of one party could file a petition for designation as a candidate in the primary election of another party. The Legislature at the 1947 session passed chapters 432 and 768 of the Laws of 1947 which changed this situation. These laws amend sections 138 and 140 of the Election Law and add thereto section 136-a. These amendments provide for the filing of certificates of acceptance (§ 140, subd. 2), and for authorization by

a party committee of the designation of a person as a candidate who is not enrolled as a member of such party (§ 136-a, subd. 4).

The petitioner duly accepted the designation in accordance with chapter 768 of the Laws of 1947, amending sections 138 and 140 of the Election Law. Said acceptance was filed on June 27, 1947, with the Board of Elections, within the time limit set by subdivision 2 of section 140. A meeting of members of the New York County Committee of the American Labor Party residing in the 23d Senatorial District of the State of New York was convened June 30, 1947, and the committee authorized the designation of the petitioner as a candidate for the nomination of the American Labor Party for the public office of State Senator from the said Senatorial District, to be voted for in the primary of the American Labor Party on July 29, 1947, in accordance with chapter 432 of the Laws of 1947, adding section 136-a to the Election Law. A certificate dated June 30, 1947, was filed with the Board of Elections of the City of New York on July 1, 1947, pursuant to the provisions of the statute (§ 136-a, subd. 4).

No objections, whatever, have been filed by any person to the aforesaid designating petition of the petitioner or to the said certificate of authorization, nor has any objection of any kind whatsoever been made or filed to the designation of the petitioner as a proper and duly authorized candidate of the American Labor Party for the nomination for the public office of State Senator from the 23d Senatorial District of the State of New York, to be voted for in the primary of the American Labor Party on July 29, 1947, as aforesaid.

On July 7, 1947, the Board of Elections held a meeting and invalidated the aforesaid designating petition of the petitioner on the ground that the certificate of authorization had not been filed timely pursuant to section 136-a of the Election Law. There is no requirement in the amendments that the authorization of the Senatorial District party committee be filed within a time period. There is a time limit, however, for the filing of a certificate of acceptance by the candidate (§§ 138, 140, subd. 2) where he is designated by a party in which he is not enrolled.

It seems to the court that section 136-a of the Election Law was fully complied with. The subdivision pertinent to the case at bar is subdivision 4 which follows: " 4. Notwithstanding the provisions of subdivisions one, two and three of this section, at a meeting of the members of the party committee representing the political subdivision of the office for which a nomination is to be made, or of such other committee as the

rules of the party may provide, by a majority vote of those present at such meeting providing a quorum is present, such committee may authorize the designation or nomination of a person as candidate for any office who is not enrolled as a member of such party as provided in this section.'' By the use of the words '' Notwithstanding the provisions of subdivisions one, two and three of this section '' at the beginning of the subdivision, the Legislature obviously sought to create an exception to the first three subdivisions and to permit an opportunity for the members of the party committee representing the political subdivision, or of such other committee as the rules of the party may provide, to authorize the designation of a person as a candidate for office who is not enrolled as a member of such party as provided in the section. It is obvious if the Legislature intended that the authorization be filed prior to or simultaneously with the filing of the designating petition it would have so stated. Its failure to do so is an indication that the Legislature intended to give full sway to the enrolled voters of a particular party in designating any candidate they saw fit irrespective of his political affiliation, subject however to final approval and authorization by a party committee pursuant to subdivision 4.

Candidates for public office are designated by petition in accordance with sections 134 and 135 of the Election Law. These candidates are designated by petitions signed solely by the enrolled voters of the party in which they seek nomination. The enrolled voters of the party may circulate many petitions, there being no limitation in law as to the number of candidates who may be designated. However, it is not until the final day of filing that a determination can be made that a designating petition has been filed for a particular candidate. There is no requirement in the Election Law that enrolled voters in charge of circulating a petition notify any party committee of the fact that such petition is being circulated, and it is not until the petition is filed that a party committee is in a position to take action with reference thereto and to determine whether to authorize the designation of a candidate who may not be a member of that particular party. It is apparent that authorization cannot be given prior to the filing of the designation. Sound reasoning and common sense dictate that action by a party committee authorizing a designation within a reasonable time after the petition was filed is a full compliance with the requirements of the statute in question. To rule otherwise would be

to usurp a legislative function in view of the fact that the Legislature did not see fit to fix a time limit for the filing of the certificate. A reading of various provisions of the Election Law shows that the lawmaking body has fixed limitations on practically all acts to be performed thereunder. Subdivision 2 of section 140 of the Election Law, as before mentioned, was amended by chapter 768 of the Laws of 1947 to limit the time in which a certificate of acceptance must be filed; and it is clear that if the Legislature had wished to do so at the same time it would have limited the time in which to file a certificate of authorization. The failure of the Legislature so to do leads the court to believe that it meant to give a party committee a reasonable time to file an authorization. What constitutes a reasonable time must be governed by the instant circumstances. In the case at bar the court holds on the facts the filing of the certificate of authorization was timely and reasonable.

Accordingly, the petition designating the petitioner as a candidate for the nomination of the American Labor Party for the office of State Senator from the 23d Senatorial District is declared valid, and the Board of Elections is directed to place his name upon the official ballot.