Shientag, J.
(dissenting). The Board of Elections appeals from an order entered at Special Term directing the board to accept as valid a petition designating the petitioner as a candidate for the nomination of the American Labor Party for the office of State Senator from the 23d Senatorial District in the coming primary and to place his name upon the ballot for such primary. He alleges in his petition that he is a duly enrolled voter of the Democratic Party.
Up to the present year an enrolled voter of one party could file a petition for designation as a candidate in the primary of another party. Section 134 of the Election Law which is still in force provides: “ The designation of a candidate for party nomination at a primary election or for election to party position thereat shall be by petition which, in the city of New York, to be accepted for filing, shall be printed for each party on paper of the color which the secretary of state has selected for it.”
Section 135 gives directions for the contents of a designating petition. There was no provision up to this year for any acceptance of such a nomination.
The Legislature at its 1947 session passed two laws which are to be found in chapters 432 and 768 and which changed this situation completely. Chapter *963 432 adds section 136-a of the Election Law which reads in part: “ 1. No petition for the purpose of designating any person as a candidate for party nomination at a primary election shall be valid unless the person so designated shall be enrolled as a member of the party referred to in said designating petition at the time of the filing of the petition.”
A similar provision is made in subdivision 2 for a nomination by a convention and in subdivision 3 for nomination or designation by a committee to fill vacancies. Subdivision 2 contains the language: “ * * at the time of the filing of the certificate of nomination.” Subdivision 3 as to filling vacancies contains similar language: “ * at the time of the filing of such certificate.” Subdivision 4 of section 136-a further provides: “Notwithstanding the provisions of subdivisions one, two and three of this section, at a meeting of the members of the party committee representing the political subdivision of the office for which a nomination is to be made, * * such committee may authorize the designation or nomination of a person as candidate for any office who is not enrolled as a member of such party as provided in this section.”
Chapter 768 of the Laws of 1947 amends sections 138 and 140 of the Election Law. It adds to section 138 the words: “ * * provided, however, that, if designated or nominated for a public office other than a judicial office by a party of which he is not a duly enrolled member, » « » gUeh person shall, in a certificate signed and acknowledged by him, and filed as provided in this article, accept the designation * * *, otherwise such designation or nomination shall be null and void.”
Subdivision 2 of section 140 of the Election Law now reads: “A certificate of acceptance or declination of a designation shall be filed not later than the third day after the fifth Tuesday preceding the primary election.”
The petition designating the petitioner as a candidate was filed on June 24, 1947. Acceptance of the designation by the petitioner was filed on June 27,1947. The board might well have rejected these documents at that time but it waited until the Court of Appeals on July 2, 1947, decided two proceedings entitled Matter of Ingersoll v. Curran (297 N. Y. 522) and Matter of Ingersoll v. Heffernan (297 N. Y. 524), upholding the constitutionality of chapter 432 of the Laws of 1947. In the meantime, on July 1, 1947, the petitioner filed with the board what purported to be an authorization by the County Committee of the Senatorial District, dated June 30, 1947, of the designation of the petitioner as a candidate for the office of Senator in the American Labor Party. The matter came before the board at its meeting on July 7, 1947, and the board rejected the petition upon the ground that it was invalid without the authorization of the committee and that the authorization which was tendered came too late. The board had the power to act as the defect clearly appeared upon the face of the papers (Matter of Wicksel v. Cohen, 262 N. Y. 446).
It is apparent from the language of the statute that a valid designating. petition must be filed not later than June 24th as section 140 provides in subdivision 1: “A designating petition shall be filed not earlier than the sixth Tuesday and not later than the fifth Tuesday preceding the primary election.”
The designating petition filed on that day was invalid as it contained no authorization from the committee of the party. This defect was not cured in any way by the filing of an acceptance on June 27th as there being no valid petition then in existence there was nothing to accept.
We cannot say that there is a gap in the law with reference to the time when the authorization must be filed nor may it be inferred that the Legislature *964 intended a . nebulous condition to exist, namely, for the authorization to be filed within a reasonable time.
Reading the new amendments as a whole and having in mind their intent and purpose, it seems clear that the Legislature intended to fix a definite time for the filing of the authorization, namely, the time when the designating petition, or when the certificate of substitution was filed. Otherwise uncertainty would prevail with resulting litigation. An election law should not be so interpreted where it is possible, as here, to arrive at a different conclusion concerning the legislative intent. .
In granting the application the learned court below stated: “ It is apparent that authorization cannot be given prior to the filing of the designation.” (189 Misc. 274.)
In this, the court was in error. The authorization could have been given at any time prior to the filing of the petition and should have been so given.
The order appealed from should be reversed and the petition dismissed.
Grlennon, J. P., Cohn and Callahan, JJ., concur in decision; Shientag, J;, dissents in opinion in which Yan Yoorhis, J., concurs.
Order affirmed. No opinion. [189 Misc. 274.]