Per Curiam.

The Economy Party, an independent body, filed a petition nominating petitioners-appellants for public offices in Ulster County. Thereafter each of the individuals nominated by the Economy Party was notified by the Board of Elections of his nomination. Each petitioner accepted within the time designated by the Election Law. No objections were *73 filed against the petition. On September 12, 1958 the Board of Elections informed the candidates that, since the two members of the Board of Elections could not agree on the validity of the petitions, the petition had been rejected.
The petitioners, by an order to show cause dated September 23, 1958 and returnable September 26, 1958, sought an order under article 78 of the Civil Practice Act directing the Commissioners of Elections of Ulster County, New York, to print the names of the petitioners for the respective offices designated in the petition of the Economy Party filed on September 9, 1958 on the ballot to be voted for on November 4, 1958. Thereafter on an affidavit dated September 30, 1958 an application was made to admit additional parties and a further application for intervention was made on the adjourned date of the hearing, October 8, 1958. Both applications were filed after the time within which a proceeding could be commenced under the Election statute. The intervention was allowed by the Judge at Special Term who treated the proceeding as one brought under section 330 of the Election Law, and not a proceeding brought for an order under article 78 of the Civil Practice Act, examined the nominating petition, ruled that there were only 296 valid signatures, declared the petition invalid and dismissed the appellant’s article 78 proceeding.
This determination apparently was reached as a result of the belief that the court was without power to issue an order of mandamus directed to the Commissioners of Election. In this respect Special Term was in error. Mandamus lies to compel ministerial acts (Matter of Small v. Moss, 279 N. Y. 288; Matter of City of New York v. Schoeck, 294 N. Y. 559). Under the Election Law the Commissioners of Elections’ power to examine independent nominating petitions for the purpose of ascertaining whether they are signed by a sufficient number of qualified voters is purely ministerial (Matter of Wicksel v. Cohen, 262 N. Y. 446); as such it is reviewable not only in a proceeding brought under section 330 of the Election Law, but likewise under article 78 of the Civil Practice Act. (See Matter of Schaffner v. Dooling, 258 App. Div. 735.)
In this case the article 78 proceeding was commenced prior to the expiration of the 14-day limitation provided by section 330 of the Election Law. However no objections were made within *74 the time fixed by section 145 of the Election Law* and no proceeding was started pursuant to section 330 of the Election Law.
There is no question that the Supreme Court has summary jurisdiction of proceedings brought under section 330 of the Election Law, but in election cases a court may only exercise the powers granted to it within the framework of the procedures prescribed by the statute. Under these circumstances, Special Term, having no proceeding before it brought pursuant to section 330 of the Election Law, was powerless to initiate a proceeding or treat the article 78 proceeding as such after the expiration of the limitation period.
Although the petition on its face was “ presumptively valid ” (Election Law, § 103), the nominees in order to be entitled to mandamus had to show a clear legal right to the relief sought (Matter of Coombs v. Edwards, 280 N. Y. 361; Matter of Leitner v. New York Tel. Co., 277 N. Y. 180). Therefore, before the court could agree to order the printing of the names of the nominees on the ballot, it was necessary that the petitions be examined to determine whether the petitions had been properly signed by a sufficient number of qualified voters to entitle the nominees to a place on the ballot. In view of the discord and differences of opinion between the Commissioners of Election as to the validity of the petitions, it would have been futile to remit the matter to the Board of Elections for their attention, hence the court could either refer it to an Official Referee to take testimony (e.g., Matter of Schaffner v. Dooling, supra), or perform the task itself. The court elected to examine the petitions.
Since the appellants here do not challenge the decision of the court that there were only 296 valid signatures, but rather restrict their appeal to an attack on the perfectly legal manner in which the court exercised its jurisdiction, it follows that the order of the Appellate Division should be affirmed.
. Chief Judge Conway and Judges Dye, Fuld, Froessel, Van Voorhis, Burke and MoGtivbrn * concur.
Order affirmed.

 Designated pursuant to section 5 of article VI of the State Constitution in the temporary absence of Judge Desmond.