■ JORGE VEGA, Respondent, v. ARISTEDES MARTINEZ, Appellant.— In a negligence action to r 'over damages for personal injury, defendant appeals from an order of the Supreme Court, Queens County, entered February 15, 1966, which granted plaintiff's motion for summary judgment and directed an assessment of damages to be had. Order affirmed, with $10 costs and disbursements. (*Gerard* v. *Inglese*, 11 A D 2d 381.) Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ ANNE WUISCHPARD, Respondent, v. MILTON WUISCHPARD, Appellant. — In an action for judicial separation, the defendant husband appeals from an order of the Supreme Court, Nassau County, entered January 28, 1966, which granted plaintiff's motion for temporary alimony and counsel fees and denied defendant's cross motion for possession of certain chattels. Order affirmed, with $10 costs and disbursements. In our opinion, under the circumstances disclosed by this record, the award of temporary alimony and counsel fees did not constitute an improvident exercise of discretion. Our ruling, however, should have no effect upon the Trial Judge in his determination as to permanent alimony, if any. His determination should rest exclusively upon the proof adduced at the trial. It is our further opinion that the court's denial of defendant's cross motion for possession of the chattels set forth in the answer was proper. Christ, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur.

■ In the Matter of JOSEPH LOUIS RANZINI, Petitioner.— Application by petitioner for admission to the Bar of the State of New York denied, on the sole ground that he has failed to establish that he has had the requisite residence in the State of New York, and without prejudice to a renewal of the application after he shall have satisfied the residential requirements. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ In the Matter of STANLEY MILLET, Respondent, v. WILLIAM D. MEISSER et al., Constituting the Board of Elections of Nassau County, and BERNARD SOMMER, Appellants.— In a proceeding under section 330 of the Election Law to declare valid the petition purporting to designate Stanley Millet as a candidate of the Democratic party for the office of Representative in Congress for the Third Congressional District, State of New York, in the primary election to be held June 28, 1966, and for other related relief, the Commissioners of Elections of Nassau County and an objector to the designating petition appeal from a judgment of the Supreme Court, Nassau County, entered June 20, 1966, which *inter alia* granted the application and declared the designating petition valid. Judgment reversed, on the law and the facts, without costs. Findings of fact which are inconsistent herewith are reversed and new findings are made as indicated herein. The designating petition of petitioner stated that he resided at 118 Ketchams Road, Syosset, New York, and that he was a duly enrolled voter of the Democratic party. The Board of Elections had the right to investigate from its own records whether or not those allegations were true. In our opinion, these functions are ministerial only. (*Matter of Wicksel* v. *Cohen*, 262 N. Y. 446.) Beldock, P. J., Ughetta, Brennan and Rabin, JJ., concur; Hill, J., dissents and votes to affirm the judgment.