Memorandum. By this proceeding brought pursuant to CPLR article 78, petitioners seek "an order directing, pursuant to the provisions of said Article, that the election [for the office of County Judge] be held in accordance with law, no earlier than November, 1976”. It appears uncontradicted that on August 4, 1975 Honorable George T. Stewart, the Livingston County Judge, addressed and signed a letter to the Secretary of State stating that he resigned his office as such Judge "effective today, August 4, 1975”, and that this letter was stamped as received by the Secretary of State on August 5, 1975.
Article VI (§ 21, subd a) of the New York Constitution provides that "[w]hen a vacancy shall occur * * * in the office of * * * judge of the county court * * * it shall be filled for a full term at the next general election held not less than three months after such vacancy occurs”; and, in the case of a County Judge, subdivision 2 of section 31 of the Public Officers Law provides that "[e]very resignation shall be in writing addressed to the [Secretary of State]. * * * If an effective date is specified in such resignation, it shall take effect upon the date specified”, and subdivision 3 states that "[a] resignation addressed to an officer shall be delivered to him at his place of business or filed in his office”.
Both the issues of fact concerning how and when the resignation was sent and the question of law when a resignation of a public officer takes effect are closely disputed and interrelated issues in this case. Consequently, there is absent a clear right to the extraordinary discretionary remedy sought under CPLR article 78. Hence, there must be an affirmance (Matter of Alweis v Wagner, 14 NY2d 923, 924; Matter of Durr v Paragon Trading Corp., 270 NY 464, 469; Matter of Burr v Voorhis, 229 NY 382, 387; Matter of Mansfield v Epstein, 5 NY2d 70, 74).
We do not determine when a resignation of a public officer becomes effective because, in any event, petitioners have failed to demonstrate that the vacancy in the office of County Judge *887 occurred less than three months before the general election of November 4, 1975.
The order of the Appellate Division should be affirmed, without costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.