Edward S. Conway, J.
This is a controversy submitted to this court by stipulation and consent of this court pursuant to the provisions of CPLR 3222 to be heard and determined. It was heard on Friday, October 8, 1976 pursuant to the stipulation of Remo J. Acito, William H. McKeon, Donald Retalliata and Stephen May, constituting the New York State Board of Elections.
The submission of the controversy, acknowledged by the commissioners in the form required to entitle a deed to be recorded, is as follows:
Remo J. Acito, Donald Rettaliata, William H. McKeon and Stephen May are Commissioners of the New York State Board of Elections (hereinafter board) holding office pursuant to the provisions of section 468 of the Election Law.
Eugene McCarthy is named as a candidate for the office of President of the United States on an independent nominating petition filed with the board pursuant to the provisions of section 138 of such law.
Gordon Contessa and Irving Schlein have submitted general and specific objections to the McCarthy independent nominating petition pursuant to the provisions of section 145 of such law.
Pursuant to section 70 of such law, the board is required to certify the nominations of all candidates for any office on the November, 1976 general election ballot by October 8, 1976.
Pursuant to section 103 of such law: "If petitions or certificates of designation or nomination are in compliance with this chapter, the names of the candidates thereby designated or nominated shall be printed upon the appropriate official bal *57 lot; provided, however, that the name of a candidate for an uncontested office or position shall not be placed on any primary ballot. Any petition filed with the board or officer charged with the duty of receiving it shall be presumptively valid if it is in proper form and appears to bear the requisite number of signatures, authenticated as prescribed in this chapter.”
At a meeting of the board on October 7, 1976, which meeting was held to consider the specifications of objections filed by Messrs. Contessa and Schlein to Mr. McCarthy’s independent nominating petition, the board reached an impasse on an issue relating to section 103 of the Election Law.
Pursuant to subdivision d of section 468 of the Election Law, "The affirmative vote of three commissioners shall be required for any official action of the state board of elections.”
The controversy hereby submitted for decision is whether or not a petition filed with the New York State Board of Elections shall be presumed valid if there is a two to two vote among the members of the board as to whether the petition "is in proper form and appears to bear the requisite number of signatures, authenticated as prescribed in [the Election Law].”
The controversy mentioned in the foregoing case and depending upon the facts stated therein and herewith submitted to this court for decision thereof is real, and the submission thereto, made in good faith for the purpose of determining the rights of the parties and the responsibilities of the commissioners under the provisions of the Election Law. The parties further stipulate that this submission and statement of facts should be filed in the office of the Clerk of Albany County and that this submission shall be heard and determined by the Honorable Edward Conway, a Justice of the Supreme Court, and that the court shall render such judgment thereof in accordance with law.
This court is of the opinion that Matter of Mansfield v Epstein (5 NY2d 70) relied upon by the objectors Contessa and Schlein merely stands for the proposition that once a Board of Elections stalemate is presented to a court on the merits of the dispute as to the validity of the petitions, it would be futile to remit the matter to the Board of Elections for their attention.
The submission to this court is not a question of the validity of the petitions but is a question of whether or not a petition *58 filed with the board shall be presumed valid if there is a two to two vote among the members of the board as to whether the petition "is in proper form and appears to bear the requisite number of signatures, authenticated as prescribed in [the Election Law].”
It is the opinion of this court that the question must be answered in the affirmative; yes, the petitions filed with the board shall be presumed valid if there is a two to two vote among the members of the board as to whether the petition "is in proper form and appears to bear the requisite number of signatures, authenticated as prescribed in [the Election Law].”
It is the opinion of this court that the answer must be yes to the question in order to prevent a complete breakdown of the public service performed by the State Board of Elections.
It is the opinion of this court that all petitions filed with the board are clothed with a mantle of validity; they are presumptively valid and that pursuant to subdivision d of section 468 of the Election Law, it takes an affirmative vote of three commissioners to take official action of the board to declare them invalid. In the absence of a petition being declared by a majority of the board as invalid, the name of the candidate must be printed upon the ballot as prescribed by section 103 of the Election Law.
It is the further opinion of this court that the bipartisan board of two Democrats and two Republicans could not carry on its daily functions if there was not a presumption to break deadlocks. It is also the court’s opinion that a presumption in favor of regularity or validity must prevail in order to resolve the matters before the board in favor of the signers of the petitions and in order to have a timely review of any determination in the courts if the parties are so advised. If there were no presumption and no interested party applied to the court timely, there would be no election.