■ In the Matter of ROBERT E. WHELAN, as Comptroller of the City of Buffalo, Respondent, v JAMES D. GRIFFIN, as Mayor of the City of Buffalo, et al., Appellants. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this CPLR article 78 proceeding in the nature of mandamus, petitioner Comptroller of the City of Buffalo seeks to compel respondents "to take all necessary and appropriate action to permit" him to fill existing and subsequently budgeted vacancies in his office. At the center of the controversy is a long-standing policy of the Buffalo Municipal Civil Service Commission which requires personnel requisitions to be submitted to the director of budget for approval before the commission certifies or approves an appointee for appointment to an office or position. As set forth in the City of Buffalo's "Accounting Policy and Procedural Manual" issued by petitioner as Comptroller of the City of Buffalo, the budget director "checks for: 1. Requested personnel addition will not exceed salary ordinance authorization. 2. Appropriations are sufficient to meet salary requirements." The underlying complaint in this case is that the budget director refused to act on petitioner's personnel requisitions because of budget restraints and fiscal economy and that the commission has refused to certify the positions without this approval. Special Term granted the petition, decreed "that the policy * * * of requiring the processing of personnel requisitions through the Director of Budget prior to the Municipal Civil Service Commission's review for certification is an arbitrary and capricious action, [an] abuse

of discretion, in excess of their authority and [should] be annulled", and ordered respondents to "take all necessary action to permit petitioner to fill vacancies now existing." The judgment must be modified. ¶ In an article 78 proceeding instituted in 1981 against the commission, petitioner challenged the policy of requiring personnel requisitions to be processed through the budget office before commission action. There, petitioner took no appeal from a ruling that "requiring prior budgetary approval before certifying or approving the appointment is [not] arbitrary and capricious" (*Matter of Whelan v Rubino,* Supreme Ct, Erie County, Dec. 3, 1981, Joslin, J.). Thus, under the principle of collateral estoppel petitioner is now barred from challenging the validity of the commission's policy, since the issue as to the propriety of that policy has already been determined (see *Allen v McCurry,* 449 US 90, 94). In any event, were we to decide this issue, we would hold that the budget director's review of personnel requisitions pursuant to the policy set forth in petitioner's own "Accounting Policy and Procedural Manual" is a proper exercise of the director's powers under the Buffalo City Charter (see Buffalo City Charter, §§ 40, 295.8). This power vested in the director, however, is not discretionary and there is no specific authority to support any contention that he is authorized to pass on the necessity or wisdom of filling vacant positions (cf. *Matter of Slominski v Rutkowski,* 91 AD2d 202, mot for lv to app granted 60 NY2d 557). His duties are purely ministerial, and he may be compelled to perform them (see *Matter of Mansfield v Epstein,* 5 NY2d 70, 73; *Matter of City of New York v Schoeck,* 294 NY 559, 568). ¶ Thus, although Special Term erred in declaring the commission's policy unlawful, it correctly ordered the respondents to perform the duties imposed on them by law. Accordingly, the decretal paragraph related to the respondents' policy must be deleted. (Appeal from judgment of Supreme Court, Erie County, Kane, J. — art 78.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.