■ In the Matter of DAVID A. RIVERA, Respondent, v ERIE COUNTY BOARD OF ELECTIONS et al., Respondents, and CITY OF BUFFALO et al., Appellants.—Order unanimously reversed on the law without costs, petition dismissed, and designating petition invalidated. Memorandum: Article 2-A of the Charter of the City of Buffalo requires that candidates for seats on the Buffalo Common Council reside in the district in which they

run for at least one year prior to the election. Supreme Court erroneously found that the one-year requirement could be satisfied by residency in the district for any one-year period during the candidate's lifetime. We should not attribute to the City Counsel such an absurd intent. It is obvious that the council intended that the one-year period immediately precede the date of the election *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 145).

Further, we conclude that the one-year residency requirement is constitutional *(see, Joseph v City of Birmingham,* 510 F Supp 1319; Annotation, *Validity of Requirement that Candidate or Public Officer have been Resident of Governmental Unit for Specified Period,* 65 ALR3d 1048, § 22, at 1091-1093). (Appeal from order of Supreme Court, Erie County, Sedita, J. —Election Law.) Present—Callahan, J. P., Boomer, Balio, Davis and Lowery, JJ.