Fourth Department, August, 2002

(August 22, 2002)

■ In the Matter of Rita A. Shuboney et al., Appellants, v Monroe County Board of Elections et al., Respondents. [746 NYS2d 334]

Memorandum: Petitioners, who are candidates for the State Committee of the Independence Party, commenced this special proceeding pursuant to Election Law article 16 seeking to annul the determination of respondent Monroe County Board of Elections invalidating certain designating petitions submitted by petitioners. Supreme Court denied the petition on the ground that the commissioners of deeds attesting to the challenged designating petitions were not authorized to act outside the City of Rochester (City), and the challenged designating petitions contain signatures of voters who reside in towns outside the City.

In asserting that the challenged designating petitions were valid, petitioners contended that defects in the acts of the commissioners of deeds were excusable pursuant to Executive Law § 142-a (1) and (2). Executive Law § 142-a provides in relevant part that "the official certificates * * * of * * * commissioners of deeds * * * shall not be deemed invalid, impaired or in any manner defective, so far as they may be affected, impaired or questioned by reason of," among other defects, "ineligibility of the * * * commissioner of deeds to be appointed or commissioned as such" or "the fact that the action was taken outside the jurisdiction where the * * * commissioner of deeds was authorized to act" (§ 142-a [1], [2] [a], [f]). Executive Law § 142-a further provides in relevant part, however, that, "[n]o person shall be entitled to assert the effect of this section to overcome a defect described in subdivision two if he knew of

the defect or if the defect was apparent on the face of the certificate of the * * * commissioner of deeds" (§ 142-a [3]).

In opposition to the petition, respondents contended that petitioners are barred from relying on Executive Law § 142-a (2) (a) and (f) to validate the challenged designating petitions based on both grounds set forth in section 142-a (3). The court, however, denied the petition on the sole ground that the defects are apparent on the face of the certificates of appointment of the commissioners of deeds, each of which states that the jurisdiction of the commissioner of deeds is limited to the City. The court therefore determined that signatures from voters residing outside the City were properly invalidated.

Contrary to the court's determination, the certificate referred to in Executive Law § 142-a (3) is the attestation by the respective commissioners of deeds appearing at the bottom of each designating petition, not the certificate of appointment. Indeed, the statute itself refers to the "official certificates and other acts" of commissioners of deeds (§ 142-a [1]), and the recommendation of the Law Revision Commission to the Legislature refers to "certificates attesting their acts" (1958 Report of NY Law Rev Commn, 1958 NY Legis Doc No. 65 [E], reprinted in 1958 McKinney's Session Laws of NY, at 1723).

We nevertheless conclude, however, that the challenged designating petitions are invalid based on the ground not addressed by the court, i.e., the provision in section 142-a (3) that "[n]o person shall be entitled to assert the effect of this section to overcome a defect described in subdivision two if he knew of the defect * * *." Here, the commissioners of deeds are charged with the knowledge that their jurisdiction was limited to the City, inasmuch as their certificates of appointment recite that their jurisdiction was so limited (*see* § 139 [4], [6]; *see also Matter of Boyle*, 107 AD2d 807, 808, *lv dismissed* 65 NY2d 602, *rearg dismissed* 68 NY2d 641). The record establishes that the commissioners of deeds were the agents of petitioners inasmuch as they were " 'employed and authorized to represent and act for' " petitioners, their principals, in obtaining signatures for designating petitions (*Sternaman v Metropolitan Life Ins. Co.*, 170 NY 13, 21, *rearg denied* 170 NY 616; *see also Matter of Collins v Heffernan*, 187 Misc 165, 166-167; *see generally Maurillo v Park Slope U-Haul*, 194 AD2d 142, 146). The knowledge of the commissioners of deeds concerning their limited jurisdiction must therefore be imputed to petitioners (*see Center v Hampton Affiliates*, 66 NY2d 782, 784; *Seward Park Hous. Corp. v Cohen*, 287 AD2d 157, 167). Thus, petitioners may not avail themselves of the validating provisions of Executive Law

§ 142-a (1) and (2) (*cf. Matter of Zimmerman v Birnbaum*, 230 AD2d 674, 674-675, *lv denied* 88 NY2d 809).

All concur except Kehoe, J., who concurs in the following memorandum:

Kehoe, J. (concurring). I agree with the majority that the knowledge of the commissioners of deeds concerning their limited jurisdiction is a defect that must be imputed to petitioners and that petitioners are therefore precluded from relying on the saving provisions in Executive Law § 142-a based on their knowledge of the defect. I further conclude, however, that petitioners are also precluded from relying on the saving provisions in section 142-a based upon a defect "apparent on the face of the certificate of the * * * commissioner of deeds" (§ 142-a [3]). In my view, the defect, i.e., that the commissioners of deeds acted outside the jurisdiction where they were authorized to act, is apparent on the face of the challenged designating petitions. The fact that the oaths for the voters who signed those designating petitions were administered by commissioners of deeds is apparent on the face of the certifications of the commissioners of deeds affixed to the bottom of each page of those designating petitions. It is undisputed that the signatures at issue were collected outside the City of Rochester, and the challenged designating petitions so reflect. The geographical limitation of the authority of commissioners of deeds is a matter of law, knowledge of which is chargeable to petitioners (*see Matter of Farrell v Morton*, 268 NY 622; *see generally Matter of Hricik v McMahon*, 247 AD2d 935, 935-936; *Stauber v Antelo*, 163 AD2d 246, 249). Thus, respondent Monroe County Board of Elections was authorized to take notice of that defect on properly raised objections. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Burns, JJ.