■ In the Matter of LAURENCE F. ADAMCZYK, as Aggrieved Candidate, Respondent, v RALPH M. MOHR et al., Commissioners, Constituting the Erie County Board of Elections, Respondents, and GREGORY B. OLMA, as Objector, Appellant. [928 NYS2d 804]—

Memorandum: Petitioner commenced this proceeding seeking an order validating his designating petitions filed on July 13, 2011, pursuant to which he sought to be placed on the Democratic Party and Independence Party primary ballots as a candidate for district council member from the Fillmore District of the Common Council of the City of Buffalo. The record before us establishes that, as of November 30, 2010, petitioner moved from 232 Crescent Avenue, which is in the Delaware Council District, to 567 Delaware Avenue, which was then in the Ellicott Council District. On or about June 7, 2011, 567 Delaware Avenue was reapportioned into the Fillmore Council District. The 2011 general election is scheduled for November 8, 2011.

Pursuant to section 3-4 of the Charter of the City of Buffalo, a person is eligible for election or appointment to the Common Council as a district council member only if he or she has resided in the district for which he or she is chosen for at least one year immediately preceding the date of his or her election or appointment. Here, objector respondent Gregory B. Olma challenged petitioner's designating petitions on the ground that petitioner did not satisfy the one-year residency requirement, and petitioner conceded at a hearing before respondent Commissioners of the Erie County Board of Elections (hereafter Board) that he had first moved to the present Fillmore District on November 30, 2010. The Board sustained Olma's objections and invalidated the designating petitions, resulting in the commencement of this proceeding by petitioner. In granting the petition, Supreme Court determined that applying the residency requirement to petitioner would violate his constitutional rights and that the Board had exceeded its ministerial authority in invalidating the designating petitions. We agree with Olma that the court erred in granting the petition.

First, we conclude that the residency requirement is supported by a rational basis and is constitutional as applied to petitioner (see Matter of Rivera v Erie County Bd. of Elections, 164 AD2d 976 [1990], lv denied 76 NY2d 705 [1990]; see generally Matter of Walsh v Katz, 17 NY3d 336 [2011]). The fact "[t]hat the [common] council districts have been reapportioned

this year provides no exemption from the residence requirement" (*Matter of Reid v Richards*, 89 AD2d 939 [1982]).

Second, while the authority of the Board to determine the validity of designating petitions is indeed strictly ministerial (*see Schwartz v Heffernan*, 304 NY 474, 480 [1952]; *Matter of Lucariello v Commissioners of Chautauqua County Bd. of Elections*, 148 AD2d 1012, 1013 [1989], *lv denied* 73 NY2d 707 [1989]), we nevertheless agree with Olma that the Board's invalidation of petitioner's designating petitions in this case was a ministerial act because it was based upon petitioner's concession of facts establishing his failure to satisfy the residency requirement as a matter of law (*see generally Matter of Wicksel v Cohen*, 262 NY 446, 449 [1933]). Further, even assuming, arguendo, that the Board exceeded its authority, we conclude that petitioner failed to show that he satisfied the residency requirement and thus failed to meet his burden of establishing the validity of his designating petitions (*see Matter of Goldstein v Carlsen*, 59 AD2d 642, 643 [1977], *affd for reasons stated below* 42 NY2d 993 [1977]; *Matter of Collins v Heffernan*, 187 Misc 165, 166 [1946]; *see generally Matter of Schneeberg v New York State Bd. of Elections*, 51 NY2d 814 [1980]; *Matter of Mansfield v Epstein*, 5 NY2d 70, 74 [1958]).

Finally, we note in any event that the reapportionment in fact had no effect on petitioner's eligibility to run for the Common Council from his current address. Because his prior residence was in the Delaware District, petitioner would have been ineligible to run for the Common Council from his current address even if it were still in the Ellicott District, because he had not resided there for more than one year preceding the 2011 election. Present—Scudder, P.J., Peradotto, Lindley, Sconiers and Martoche, JJ.