# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**850**
**CAE 11-01615**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF LAURENCE F. ADAMCZYK,
AGGRIEVED CANDIDATE, PETITIONER-RESPONDENT,

V                                                MEMORANDUM AND ORDER

RALPH M. MOHR AND DENNIS E. WARD, COMMISSIONERS,
CONSTITUTING THE ERIE COUNTY BOARD OF ELECTIONS,
RESPONDENTS-RESPONDENTS,
AND GREGORY B. OLMA, OBJECTOR,
RESPONDENT-APPELLANT.

---

MICHAEL KUZMA, BUFFALO, FOR RESPONDENT-APPELLANT.

LOVALLO & WILLIAMS, BUFFALO (TIMOTHY R. LOVALLO OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 11, 2011 in a proceeding pursuant to the Election Law.  The order granted the petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is denied.

Memorandum:  Petitioner commenced this proceeding seeking an order validating his designating petitions filed on July 13, 2011, pursuant to which he sought to be placed on the Democratic Party and Independence Party primary ballots as a candidate for district council member from the Fillmore District of the Common Council of the City of Buffalo.  The record before us establishes that, as of November 30, 2010, petitioner moved from 232 Crescent Avenue, which is in the Delaware Council District, to 567 Delaware Avenue, which was then in the Ellicott Council District.  On or about June 7, 2011, 567 Delaware Avenue was reapportioned into the Fillmore Council District.  The 2011 general election is scheduled for November 8, 2011.

Pursuant to section 3-4 of the Charter of the City of Buffalo, a person is eligible for election or appointment to the Common Council as a district council member only if he or she has resided in the district for which he or she is chosen for at least one year immediately preceding the date of his or her election or appointment. Here, objector-respondent Gregory B. Olma challenged petitioner's designating petitions on the ground that petitioner did not satisfy the one-year residency requirement, and petitioner conceded at a

hearing before respondent Commissioners of the Erie County Board of Elections (hereafter, Board) that he had first moved to the present Fillmore District on November 30, 2010.  The Board sustained Olma's objections and invalidated the designating petitions, resulting in the commencement of this proceeding by petitioner.  In granting the petition, Supreme Court determined that applying the residency requirement to petitioner would violate his constitutional rights and that the Board had exceeded its ministerial authority in invalidating the designating petitions.  We agree with Olma that the court erred in granting the petition.

First, we conclude that the residency requirement is supported by a rational basis and is constitutional as applied to petitioner (*see Matter of Rivera v Erie County Bd. of Elections*, 164 AD2d 976, *lv denied* 76 NY2d 705; *see generally Matter of Walsh v Katz*, ___ NY3d ___, ___ [June 2, 2011]).  The fact "[t]hat the [common] council districts have been reapportioned this year provides no exemption from the residence requirement" (*Matter of Reid v Richards*, 89 AD2d 939).

Second, while the authority of the Board to determine the validity of designating petitions is indeed strictly ministerial (*see Schwartz v Heffernan*, 304 NY 474, 480; *Matter of Lucariello v Commissioners of Chautauqua County Bd. of Elections*, 148 AD2d 1012, 1013, *lv denied* 73 NY2d 707), we nevertheless agree with Olma that the Board's invalidation of petitioner's designating petitions in this case was a ministerial act because it was based upon petitioner's concession of facts establishing his failure to satisfy the residency requirement as a matter of law (*see generally Matter of Wicksel v Cohen*, 262 NY 446, 449).  Further, even assuming, arguendo, that the Board exceeded its authority, we conclude that petitioner failed to show that he satisfied the residency requirement and thus failed to meet his burden of establishing the validity of his designating petitions (*see Matter of Goldstein v Carlsen*, 59 AD2d 642, 643, *affd for the reasons stated* 42 NY2d 993; *Matter of Collins v Heffernan*, 187 Misc 165, 166; *see generally Matter of Schneeberg v New York State Bd. of Elections*, 51 NY2d 814; *Matter of Mansfield v Epstein*, 5 NY2d 70, 74).

Finally, we note in any event that the reapportionment in fact had no effect on petitioner's eligibility to run for the Common Council from his current address.  Because his prior residence was in the Delaware District, petitioner would have been ineligible to run for the Common Council from his current address even if it were still in the Ellicott District, because he had not resided there for more than one year preceding the 2011 election.

Entered:  August 19, 2011                    Patricia L. Morgan
                                             Clerk of the Court