*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 20, 2015                    521521
_____

In the Matter of BRIAN SCAVO,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

ALBANY COUNTY BOARD OF
    ELECTIONS,
                    Respondent.
_____

Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Clark, JJ.

_____

        Brian Scavo, Albany, appellant pro se.

        Thomas Marcelle, County Attorney, Albany (D. Steve Rahmas
of counsel), for respondent.

_____

Per Curiam.

        Appeal from a judgment of the Supreme Court (R. Sise, J.),
entered August 7, 2015 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to Election
Law § 16-102, to, among other things, declare valid the
designating petition naming petitioner as the Democratic Party
candidate for the public office of Albany County Legislator for
the 9th Legislative District in the September 10, 2015 primary
election.

        Petitioner filed a designating petition with respondent
seeking to be nominated as the Democratic Party candidate for the
public office of Albany County Legislator for the 9th Legislative
District in the September 10, 2015 primary election.  By letter
dated July 21, 2015, respondent determined that the designating

petition was insufficient due to petitioner's failure to comply with the durational residency requirement of Albany County Charter § 202. Petitioner commenced this proceeding pursuant to Election Law § 16-102 to, among other things, declare valid his designating petition.[1] Following a hearing, Supreme Court found that, among other things, petitioner did not meet the residency requirements and dismissed the application. This appeal ensued.

Pursuant to Albany County Charter § 202, "[e]ach County Legislator shall be a resident elector of the Legislative District he or she represents for at least one (1) year preceding the election and throughout the term of office." On his designating petition for the 9th Legislative District, petitioner listed an address that, undisputedly, is not located within the 9th Legislative District, and he later conceded at the hearing that he had moved out of the 9th Legislative District and into the 8th Legislative District about 11 months earlier.

Initially, we are unpersuaded by petitioner's claim that respondent lacked the authority to determine the validity of his designating petition. In that regard, respondent's determination that the residential address that petitioner listed on the designating petition is not within the 9th Legislative District and that petitioner, therefore, did not satisfy the applicable durational residency requirements is a matter that "appear[s] upon the face of the petition" and, as such, concerns a ministerial objection within the power of respondent to review (Schwartz v Heffernan, 304 NY 474, 480 [1952]; see Matter of Wicksel v Cohen, 262 NY 446, 448-449 [1933]; Matter of Adamczyk v Mohr, 87 AD3d 833, 835 [2011], lv denied 17 NY3d 706 [2011]; compare Matter of Conti v Clyne, 120 AD3d 884, 886 [2014], lv denied 23 NY3d 908 [2014]; Matter of Scaturro v Maloney, 76 AD3d 688, 690 [2010]). Moreover, by conceding that the address listed on his designating petition is outside the 9th Legislative District and that he did not, in fact, live in that district, petitioner failed to demonstrate that he satisfied the residency

---

[1] While the pro se petition indicates that it was filed under CPLR article 78, Supreme Court converted it to a proceeding pursuant to Election Law § 16-102 (see CPLR 103 [c]).

requirements and, consequently, did not meet his burden of demonstrating the validity of his designating petition (see Matter of Schneeberg v New York State Bd. of Elections, 51 NY2d 814, 815 [1980]; Matter of Adamczyk v Mohr, 87 AD3d at 835).

Turning to petitioner's claim that his right to equal protection was violated, we find that the one-year durational residency requirement imposes a reasonable, nondiscriminatory restriction on prospective candidates and voters that is supported by a rational basis (see Matter of Adamczyk v Mohr, 87 AD3d at 834; see generally Matter of Dusch v Davis, 387 US 112, 115 [1967]; Matter of Walsh v Katz, 17 NY3d 336, 342-346 [2011]; Galbraith v New York Conservative Party, 155 AD2d 183, 185-186 [1990]). As a legislative enactment, the Albany County Charter enjoys a strong presumption of constitutionality (see Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d 586, 593 [2013], cert denied ___ US ___, 134 S Ct 682 [2013]; LaValle v Hayden, 98 NY2d 155, 161 [2002]; Worthington v London Guar. & Acc. Co., 164 NY 81, 84 [1900]), and petitioner has not established that it violates his right to equal protection. Further, the fact that the legislative districts were redrawn in 2015 does not exempt petitioner from the residency requirement (see Matter of Adamczyk v Mohr, 87 AD3d at 834-835; Matter of Reid v Richards, 89 AD2d 939, 939 [1982]). Also unavailing is his related claim that it is improper that only incumbents receive preferential treatment under Albany County Charter § 202 following reapportionment in that they are only required to become a resident of a newly drawn district "prior to taking office" in certain circumstances where redistricting impacted their respective residencies. Petitioner has not shown that the redistricting had any impact on his ability to satisfy the durational residency requirement. Thus, his arguments have no bearing on the determination of the validity of his designating petition. Petitioner's remaining claims are also without merit.

Lahtinen, J.P., McCarthy, Garry and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court