Matter of Craig v Borrero (2019 NY Slip Op 04310)





Matter of Craig v Borrero


2019 NY Slip Op 04310


Decided on May 30, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


739 CAE 19-01003

[*1]IN THE MATTER OF ANTIONETTE T. CRAIG, PETITIONER-APPELLANT,
v
EDELINA BORRERO, ERIE COUNTY BOARD OF ELECTIONS, RESPONDENTS-RESPONDENTS, ET AL., RESPONDENT. 






HOUSH LAW OFFICES, PLLC, BUFFALO (FRANK T. HOUSH OF COUNSEL), FOR PETITIONER-APPELLANT. 
VANDETTE PENBERTHY, LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR RESPONDENT-RESPONDENT EDELINA BORRERO. 
MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF COUNSEL), FOR RESPONDENT-RESPONDENT ERIE COUNTY BOARD OF ELECTIONS. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.) entered May 2, 2019 in a proceeding pursuant to Election Law article 16. The order upheld the determination of respondent Erie County Board of Elections and adjudged that petitioner candidate Antionette T. Craig will not appear on the primary election ballot for the Democratic Party as a candidate for the City of Buffalo Common Council. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Election Law § 16-102 seeking an order validating her designating petition to be placed on the primary election ballot for the Democratic Party as a candidate for the City of Buffalo Common Council. Supreme Court dismissed the petition, and petitioner appeals.
Petitioner contends that her designating petition substantially complied with Election Law § 6-132 (2) and that, in determining that the "statement of witness" portion of her designating petition did not substantially comply with the requirements of section 6-132 (2), respondent Erie County Board of Elections (Board) exceeded its ministerial authority (see generally Schwartz v Heffernan, 304 NY 474, 480 [1952]). We reject those contentions. The designating petition did not substantially comply with section 6-132 (2) because it failed to include, among other things, any language in the witness statements identifying the party affiliation of the witnesses (see Matter of Bailey v Power, 12 Misc 2d 105, 106 [Sup Ct, Queens County 1958], affd 6 AD2d 996 [2d Dept 1958]; see generally Matter of Hochhauser v Grinblat, 307 AD2d 1007, 1008 [2d Dept 2003]). Moreover, that defect " appear[s] on the face of the [designating] petition' and, as such, concerns a ministerial objection within the power of [the Board] to review" (Matter of Scavo v Albany County Bd. of Elections, 131 AD3d 796, 797 [3d Dept 2015], lv denied 25 NY3d 914 [2015]).
We have reviewed petitioner's remaining contention and conclude that it is without merit.
Entered: May 30, 2019
Mark W. Bennett
Clerk of the Court