In the Matter of HERMAN SCHEIDLINGER, Petitioner, against JAMES M. POWER et al., as Commissioners of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 2, 1955.

*Abraham Gellinoff* for petitioner.

*Philip Blank* for respondents.

MARKEWICH, J. By stipulation, the only question left for the court is the petitioner's claim that the omission of the word " then " in the " Statement of Witness " appended to the designating petitions constitutes a vital defect. The " Statement of Witness " referred to is that prescribed by statute (Election Law, § 135) to be made in substance by subscribing witnesses to designating petitions. Its present form requires the witness to state where he " now " resides and in what election district such residence is located; the witness must state further in what year he " was last registered for the general election " as well as from what residence. The portion which is of prime importance in this case then follows: " The said residence *was then* in the ........ (fill in number) election district ". The words " was then ", when added by amendment (L. 1947, ch. 512, § 3), replaced the word " is " which had previously been in the statute for several years. Such change was made necessary because of confusion in attempting to verify addresses and enrollments of subscribing witnesses in instances where election district and assembly district lines had changed in the interval between elections. To end such confusion, this amendment required the election district of residence to be stated as of the time of the prior party enrollment stated in the appendix to the petition.

In the instant case, the witnesses' statements are as follows: " I am a duly qualified voter of the State of New York; an enrolled voter of the Democratic Party and now reside in the (number) Election District of the 3rd Assembly District in (New York County, City and State) at (address) therein. I was last registered for the general election in the year 1954 from (address) in (New York County, City and State). The said residence was in the (number) Election District of the 3rd Assembly District ". It is the omission of the word " then " after the words " the said residence was " at the beginning of the last sentence which petitioner herein claims invalidates the designating petition. It is argued that to hold otherwise would permit a dishonest witness to escape prosecution for a false

statement in that he could successfully argue that an incorrect statement as to the election district could be defended as true if, in any past year, the residence from which he last enrolled was in the stated district. I do not agree. There are no cases precisely on this point and this issue must be decided under the simple rules of English usage. The words used in the witnesses' statements in respondents' petitions were in substantial compliance with section 135; they gave all the information required by that section to be given; they are susceptible of no interpretation other than that the residence referred to in the disputed sentence could only be that referred to in the sentence immediately preceding, i.e., that sentence which stated the residence from which the witness had registered in the year 1954. The difference in tense between the first sentence in the statement, which refers to present residence, and the second and third sentences, which refer to residence at a definite time in the past, makes it impossible to draw any other inference. Since there has been substantial compliance with the statute, the three petitions to invalidate are dismissed, and it is so ordered.