## (June 20, 1966)

■ In the Matter of Edwin S. Rivera et al., Respondents, v. Robert W. Northrup et al., as Commissioners of the Board of Elections of Monroe County, Appellants.— Judgment unanimously reversed, without costs, and application denied. Memorandum: Relief may be granted in the nature of mandamus to compel the performance of ministerial acts by Commissioners of Election pursuant to article 78 of CPLR. Included in such ministerial acts is the clerical determination by the Commissioners as to whether petitions have been signed by a sufficient number of qualified voters. (Cf. *Matter of Mansfield* v. *Epstein*, 5 N Y 2d 70, 73.) In the instant case petitioners seek to invalidate petitions that require the determination of issues of fact such as are ordinarily raised by claims of fraud. (Cf. *Matter of Bednarsh* v. *Cohen*, 267 App. Div. 133, 135.) This may only be done in a proceeding under section 330 of the Election Law and the time limit (June 8, 1966) therein stated is controlling. It follows the proceeding was not timely commenced. We do not reach or pass upon the merits of the proceeding. (Appeal from judgment of Monroe Special Term granting the petition.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

## (June 30, 1966)

■ Edward A. Gormel, Appellant, v. Pfuntner Sales and Service, Inc., et al., Respondents, et al., Defendants.— Order unanimously modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Memorandum: Disclosure procedures in this action were initiated by plaintiff who served notices of examination before trial of defendants prior to defendants' notices for discovery and inspection of the automobile manufactured and sold by defendants which was the alleged cause of plaintiff's injuries. No special circumstances appear which justify the order of Special Term depriving plaintiff of the priority of disclosure, which would normally accrue to him, and delaying examination of defendants until completion of the discovery and inspection. The examinations of defendants Pfuntner Sales & Service, Inc. and MG Car Company, Ltd., should precede and be completed before the automobile is inspected by these defendants. (*Pakter* v. *Lilly & Co.*, 19 A D 2d 810.) (Appeal from order of Livingston Special Term granting in part plaintiff's motions for disclosure, protective orders and other relief.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.

■ Edward A. Gormel, Appellant, v. Pfuntner Sales and Service, Inc., et al., Respondents, et al., Defendants.— Same decision as in companion case of *Gormel* v. *Pfuntner Sales & Serv.* (26 A D 2d 612), decided herewith. (Appeal from order of Livingston Special Term granting discovery and inspection by defendant Pfuntner Sales & Service, Inc. and other relief.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.