Anthony J. Ferraro, J.
Petitioners maintain this proceeding to enjoin and restrain the board of elections from placing the name of Joan P. Allgaier upon the primary ballot as a candidate for State Senator, 37th Senatorial District or, in the alternative, for an order invalidating the designating petitions.
After petitions were duly filed on behalf of Joan P. Allgaier, petitioner George E. Pataki filed objections thereto. .
The board of elections through its commissioner, Albert T. Hayduk, notified all interested parties on July 29, 1976 that the objections to the aforesaid petitions had been sustained.
Respondent, Joan P. Allgaier, thereupon made application pursuant to subdivision 1 of section 330 of the Election Law to review the determination of the board of elections, to declare her petitions valid and to have her name placed on the ballot. The application was denied by this court upon jurisdictional grounds because of the failure to serve motion papers upon the objector, an indispensable party, within the 14-day period required by subdivision 1 of section 330 of the Election Law.
Thereafter on August 13, 1976 the board of elections sent a second letter to all interested parties notifying them that the name of Joan P. Allgaier would not appear on the ballot. This letter was signed by both commissioners.
For some unapparent reason a third letter was sent on August 17, 1976, this time signed by Commissioner McNamara only, advising Joan P. Allgaier that her name would appear on the ballot.
A board of elections exercises the ministerial function of *1097 examining the face of the petitions to determine their compliance with the requirements of the Election Law. Once the board has completed this examination and made its determination it is functus officio. It is constrained to go no further. (Schwartz v Heffernan, 304 NY 474; Mansfield v Epstein, 5 NY2d 70.)
The findings of the board as to defects in the petition are presumptively correct. (Matter of Burns, 199 Misc 1005, affd 278 App Div 1023, affd 303 NY 601.)
The court may however review such determination and resolve issues of fact not appearing on the face of the petitions. (Bednarsh v Cohen, 267 App Div 133, app den 267 App Div 760, mot for lv to app den 292 NY 578; Frankel v Cheshire, 212 App Div 664; Matter of Hanofee, 47 Misc 2d 787, affd 24 AD2d 729, affd 16 NY2d 885.)
Once the board made its determination on July 29, 1976 its function terminated. Any question as to its authority to make that determination because it bore the signature of only one commissioner was resolved by the subsequent letter signed by both commissioners, ratifying the original determination made on July 29, 1976.
Any person aggrieved by such determination had redress to the courts upon compliance with the provisions of section 330 of the Election Law. Failure of the respondent Allgaier to properly avail herself of those review procedures may not be blamed upon petitioners. Nor was it incumbent upon petitioners who were satisfied with the determination to seek court review. They had a right to rely upon the finding of the board which was presumptively correct. (Matter of Burns, supra.)
The Election Law contains a meticulous timetable, provides for summary relief, protects the rights of aggrieved parties and is tailored to meet the needs of both the candidate and the electorate.
Once the board of elections takes the first step the gears are set in motion and the next step must then be taken by the person aggrieved whether candidate or nominee. The Supreme Court then may act and adequate machinery is set up for immediate review by the highest court if necessary. Time is the watchword. The candidate must have time to conduct a campaign. The electorate must have time to identify the candidates and make up its mind. The municipal body must have time to set up the ballot and prepare the voting machine.
*1098 There is no room for procrastination or retraction by the board of elections. Having made a determination it is functus officio. It may not reconsider, redecide and jam up the delineated procedure. Once the period of court review expires the door is closed. The election must go on.
The board of elections may not reverse the gears, reopen that door and upset the chain of events. Nor may respondent Allgaier be given a second bite at the apple by being given a second opportunity to court review the petitions, having forfeited her first. She should not be permitted to enter the back door after standing idly by while the front door was being closed.
Petitioners have effectively lost their right to court review. Not only have the 14 days expired but even if waived the time to appeal will be over before the facts can be heard. Tomorrow is the last day to appeal to the Appellate Division. The election will soon be upon us. Only confusion and chaos can result from delay.
To sanction this latest action of the board would allow it to play God for its decision would be final beyond court review. The purpose and intent of the Election Law would be deluded. The constitutional right to court review would be destroyed and the ultimate result would be devastating.
The board of elections must therefore be estopped from reopening its case and changing its decision.
The board is therefore directed to abide by its original determination of July 29, 1976 and directed not to place the name of respondent Allgaier upon the ballot.