OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the petition to invalidate the nominating petition should be denied.
Respondents’ nominating petition included the names of three persons for appointment to a committee to fill vacancies, as is required by law (Election Law, § 6-140, subd 1). Two of the named appointees, however, did not register as voters in the Town of Guilderland, the pertinent political unit, until, respectively, one day and one week after the first day that petitions could be circulated. Having registered in time for the election, they nonetheless qualified as “registered voters within such political unit” for the purposes of the statute (see Matter of Naples v Carr, 29 Misc 2d 944, affd 14 AD2d 828, affd 10 NY2d 85(1 [applying former section 138 of the Election Law, the predecessor to section 6-140]). In any event, on oral argument it was undisputed that no signatures were actually collected before the appointees registered to vote, and the statute certainly imposes no requirement that registration occur before then.
The objection that the petition does not clearly delineate *934 the offices is without merit. The defect alleged describes at worst only a deviation from form, but not from the statutorily prescribed substance (see Election Law, § 6-140). As such, substantial compliance with the statute is sufficient (cf. Matter of Hutson v Bass, 54 NY2d 772; Matter of Ryan v Board of Elections of City of N. Y., 53 NY2d 515; Matter of Alamo v Black, 51 NY2d 716). As all the information necessary to identify clearly the offices involved is included on the face of the petition, such requirement has been met.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.