■ Ronald Mastrangelo, Respondent, v County of Nassau, Appellant. — In an action for a declaratory judgment, defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Morrison, J.), dated May 18, 1983, as declared that as a result of a settlement of an action, plaintiff was covered by section 207-c of the General Municipal Law. ¶ Judgment reversed insofar as appealed from, on the law, and as a matter of discretion, with costs, and complaint dismissed as moot. ¶ The facts of this case have been stipulated to and are not at issue. On November 24, 1974, plaintiff was seriously injured in a helicopter crash while acting in the course of his duties as an ambulance medical technician in the Nassau County Police Department. From the time of his injury until June 1, 1978, defendant paid plaintiff his full salary pursuant to section 207-c of the General Municipal Law. Plaintiff also received the proceeds of a settlement with defendant and the manufacturer of the helicopter in connection with a tort action instituted by plaintiff. On June 1, 1978, defendant made an administrative decision to exclude ambulance medical technicians from coverage under section 207-c of the General Municipal Law and stopped paying plaintiff's salary. Plaintiff subsequently commenced the instant action for a declaration that he was entitled to coverage under section 207-c of the General Municipal Law as a result of the settlement agreement. ¶ Before the action was tried, plaintiff went on accidental disability retirement effective December 31, 1978. In

addition, after proceedings were started by the Nassau Chapter of the Civil Service Employees Association, Inc., the New York State Public Employment Relations Board (PERB) made a determination that defendant was incorrect in terminating the coverage of ambulance medical technicians under section 207-c. Pursuant to the PERB determination, defendant gave plaintiff his back salary from June 1, 1978 to December 31, 1978 and restored all vacation and sick days used during that time. In the judgment appealed from, Special Term declared, *inter alia,* that plaintiff was entitled to coverage under section 207-c of the General Municipal Law by virtue of the settlement agreement. ¶ CPLR 3001 provides that a declaratory judgment action lies only if there is a justiciable controversy involved. Where parties cannot be affected by a court's determination, the action should be dismissed as moot (see *Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Matter of Henry v Noto,* 50 NY2d 816). A review of the facts at bar clearly establishes that plaintiff received his full salary pursuant to section 207-c of the General Municipal Law from the date of his injury to the date of his retirement. Subdivision 2 of section 207-c specifically states that coverage under the statute shall cease upon an accidental disability retirement. Thus, under the terms of the statute, plaintiff was not entitled to benefits after his retirement on December 31, 1978. Defendant no longer contested plaintiff's entitlement to the benefits before his retirement and restored any benefits previously withheld. Since it was uncontested that plaintiff was entitled to coverage under the statute, and that under terms of the statute coverage was necessarily terminated upon retirement, a declaration that plaintiff was entitled to coverage under the statute did not directly affect the rights of the parties. Since there was no justiciable controversy upon which a declaratory judgment could be made, Special Term should have dismissed the action as moot. ¶ We have considered defendant's other claims and find them to be without merit. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.