■ In the Matter of FRANK C. JACKSON et al., Respondents, v LORRAINE STEVENS, Appellant, et al., Respondent.—In a proceeding to invalidate petitions designating Lorraine Stevens as a candidate in a primary election to be held on September 15, 1992, for the nomination of the Democratic Party as its candidate for the public office of Member of the Assembly from the 57th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County (Garry, J.), dated August 14, 1992, which granted the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The candidate submitted a petition containing some 700 signatures and the Board of Elections (hereafter the Board) held that 333 were valid. Since a total of 250 valid signatures was needed, the Board declared the appellant to be a candidate for the nomination of the Democratic Party as its candidate for the public office of Member of the Assembly from the 57th Assembly District in the forthcoming primary election. The petitioners commenced this proceeding to invalidate a number of signatures which the Board had held to be valid. The Referee filed reports, confirmed by the court, concluding that only 241 of the 333 signatures found to be valid by the Board were in fact valid. During the proceedings before the court, the appellant sought for the first time to show that a number of signatures which the Board had found to be invalid were actually valid.

The State Legislature has recently passed legislation which

has been signed by Governor Cuomo liberalizing the Election Law by making access to the ballot easier and providing that the Election Law should be liberally construed (L 1992, ch 79). Section 27 of the amendment to the Election Law provides, in pertinent part, that

"Subdivision 2 of section 16-102 of the election law, as amended by chapter 710 of the laws of 1986, is amended to read as follows:

"2. A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petition, *or within three business days after the officer or board with whom or which such petition was filed, makes a determination of invalidity with respect to such petition, whichever is later"* (L 1992, ch 79, § 27).

Contrary to the appellant's contention, the Legislature made no changes concerning the requirement for instituting a proceeding invoking the jurisdiction of the court. Here, the appellant concedes that she never served any validating petition on either the other parties or the Supreme Court. Therefore, since the only proceeding properly before that court was the petitioners' proceeding to invalidate the appellant's designating petitions, the court, upon confirming the report of the Special Referee, properly granted the petition and invalidated the appellant's designating petitions *(see, Matter of Krueger v Richards,* 59 NY2d 680, 682-683; *Matter of Suarez v Sadowski,* 48 NY2d 620, 621). In light of this disposition, we do not reach the substantive issues raised. Harwood, J. P., Balletta, Eiber, O'Brien and Santucci, JJ., concur.