*298 OPINION OF THE COURT
Herbert A. Posner, J.
As a general rule, Judges nisi prius do not write decisions hoping to be reversed. This case is the exception to the rule.
Petitioner, Harvey Elwood, seeks in this proceeding to invalidate the designating petition of respondent, Stephen C. Jackson, filed with the Board of Elections of the City of New York designating the respondent as a Democratic candidate for Assemblyman in the 33rd Assembly District of Queens County in the primary election to be held on September 13, 1994.
Mr. Jackson’s petition was first challenged at the Board of Elections. The cover sheet on the designating petition listed 843 signatures. The petition actually contained only 833 signatures. Section 6-134 (10) of the Election Law (enacted 1986, renum 1992) states in relevant part that "If the number of signatures in any petition thereof is overstated on the cover sheet, such petition shall not be invalid because of such overstatement, but a number of signatures at the end of such petition * * * equal to the amount of such overstatement shall be deemed not to have been filed” (emphasis added). The Board of Elections subtracted the 10 signature overstatement from Mr. Jackson’s true total of 833, bringing him to 823. The Board then reviewed not the 823 signatures but the original 833 signatures. The Board found 316 signatures to be invalid, bringing the total down to 507.
The petitioner has challenged additional signatures from the remaining 507. Following a protracted hearing conducted by the court, an additional 12 signatures were found to be invalid. These 12 signatures were deducted from the 507 signatures allowed by the Board of Elections, leaving the respondent, Stephen Jackson, with only 495 valid signatures. Since 500 valid signatures are required to place a candidate on the ballot, the petition to invalidate the designating petition of Steven Jackson must be granted.
In the course of this proceeding, the court formed an opinion that the New York City Board of Elections is misconstruing the literal interpretation of section 6-134 (10), which has resulted in a miscarriage of justice. The Board, in accordance with section 6-134 (10), properly deducted Mr. Jackson’s 10 signature overstatement from his total. The penalty for overstatement required by section 6-134 (10) is the removal from the end of the petition a number of signatures equal to the amount of the overstatement. Thus, the last 10 signatures on *299 Mr. Jackson’s validating petition should have been removed without any consideration of their validity or invalidity. However, 6 of the last 10 signatures on the petition were later deemed invalid by the Board of Elections and subtracted from the petition total again. Mr. Jackson thus lost these 6 signatures twice; once as part of the penalty required for overstatement on the cover sheet and again when they were determined not to be valid signatures.
If the Board had completely ignored the last 10 signatures, then the number of invalid signatures would have been 310 by the Board’s count. Then adding 12 signatures that the court found invalid, the total invalid signatures should have been 322. Subtracting 322 from 823 filed leaves a balance of 501 signatures; and Jackson would remain on the ballot! Unfortunately, Jackson had withdrawn his cross petition to validate his designating petition because he did not specify which signatures invalidated by the Board he wanted to have the court validate, therefore, he was precluded from refuting the findings of the Board of Elections. (Matter of Krueger v Richards, 59 NY2d 680; Matter of Suarez v Sadowski, 48 NY2d 620; Matter of Jackson v Stevens, 185 AD2d 960.)
While a court nisi prius does not have the authority to overrule established precedents, the Appellate Division can do so "in the interests of justice.” (NY Const, art VI, § 5.)