(October 30, 2002)

■ In the Matter of OSWALDO RAMOS, Appellant-Respondent, v HARRY W. LAWSON et al., Respondents-Appellants, et al., Respondents. [751 NYS2d 260] —In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Oswaldo Ramos as the candidate of the Democratic Party for the public office of New York State Senator for the 35th Senatorial District, Westchester County, in a general election to be held on November 5, 2002, the petitioner appeals from a final order of the Supreme Court, Westchester County (Cowhey, J.), dated October 11, 2002, which denied the petition and dismissed the proceeding, and Harry W. Lawson, Deborah L. Lawson, and Jerome Robinson cross-appeal from the final order.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the cross appellants are not aggrieved by the final order; and it is further,

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition is granted, the matter is remitted to the Westchester County Board of Elections, and the Westchester County Board of Elections is directed to place the petitioner's name on the appropriate ballot.

There was sufficient evidence before the Supreme Court that the address set forth by the subscribing witness on Sheet No. 57 of the designating petition and the address registered with the Board of Elections for that subscribing witness were the same. Thus, Sheet No. 57 of the designating petition, which contained 19 signatures, should not have been invalidated on the basis that the address provided by the subscribing witness did not match the records of the Board of Elections (*cf. Matter of Robelotto v Burch,* 242 AD2d 397). However, since the Board of Elections had sustained the objections to 2 of the 19 signatures on that sheet on other grounds that the petitioner did not contest before the Supreme Court, we reinstate 17 of the signatures on that sheet.

The subscribing witness to Sheet No. 9 of the designating petition set forth that there were 20 signatures on that sheet, although one of the signatures had been crossed out and initialed. The evidence before the Supreme Court did not establish gross irregularity or fraudulent practice with respect to the crossed-out signature. Therefore, the Supreme Court erred in invalidating the remaining 19 signatures on Sheet No. 9 (*see Matter of Kogan v D'Angelo,* 54 NY2d 781, 783).

With the restoration of 17 signatures from Sheet No. 57 and 19 signatures from Sheet No. 9, the petitioner has more than the 1,000 signatures required by Election Law § 6-136 (2) (h).

The argument raised by the objectants, Harry W. Lawson, Deborah L. Lawson, and Jerome Robinson, regarding their alleged right to present evidence as to the invalidity of certain signatures not invalidated by the Board of Elections is not before this Court because the objectants did not file a petition to invalidate (*see Matter of Suarez v Sadowski,* 48 NY2d 620).

The objectants' remaining contentions are without merit. Goldstein, J.P., McGinity, Luciano and Mastro, JJ., concur.