■ In the Matter of PECONIC BAYKEEPER, INC., et al., Respondents, v SUFFOLK COUNTY et al., Appellants. [793 NYS2d 78]—In a hybrid proceeding pursuant to CPLR article 78 to review Resolution No. 1244-2002 of the Suffolk County Legislature, which, upon determining that the extension of a 2002 Vector Control Plan into the year 2003 constituted a Type II action pursuant to the State Environmental Quality Review Act (ECL art 8), approved the extension, and an action, inter alia, to enjoin the Suffolk County Department of Public Works, Division of Vector Control, from performing work under the 2002 Vector Control Plan in 2003, Suffolk County, the Suffolk County Legislature, Suffolk County Council on Environmental Quality, Suffolk County Department of Public Works and Dominic Ninvaggi appeal from (1) a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered May 17, 2004, which amended the petition sua sponte "to include the 2004 extension" of the 2002 Vector Control Plan, inter alia, granted the petition to the extent of annulling the determination that the extension constituted a Type II action and enjoining them from commencing or continuing work under the 2002 Vector Control Plan, and (2) an order of the same court dated July 9, 2004, which denied their motion for leave to renew and reargue the petition.

Ordered that the judgment is reversed, on the law, the petition is denied, and the hybrid proceeding and action is dismissed; and it is further,

Ordered that the appeal from so much of the order as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the appeal from so much of the order as denied that branch of the motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The Supreme Court improperly amended the petition, sua sponte, "to include the 2004 extension" of the 2002 Vector Control Plan (cf. DiMauro v Metropolitan Suburban Bus Auth., 105 AD2d 236, 240 [1984]). Furthermore, the Supreme Court incorrectly concluded that the hybrid proceeding and action involving the 2002 Vector Control Plan was not academic (see

*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Moreover, in light of the implementation of a different Vector Control Plan in 2005, the exception to the mootness doctrine did not apply (*see Matter of Many v Village of Sharon Springs Bd. of Trustees*, 234 AD2d 643, 644 [1996]; *Matter of Schulz v State of New York*, 200 AD2d 936, 937 [1994]). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding and action as academic (*see Mastrangelo v County of Nassau*, 102 AD2d 814, 815 [1984]). Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.