In the Matter of PECONIC BAYKEEPER, INC., et al., Respondents, v SUFFOLK COUNTY et al., Appellants. [813 NYS2d 661]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review Resolution No. 1919-2003 of the Suffolk County Legislature, which determined that the extension of a 2002 Vector Control Plan into the year 2004 constituted a Type II action pursuant to the State Environmental Quality Review Act (ECL

art 8), and approved the extension, and an action, inter alia, to enjoin the Suffolk County Department of Public Works, Division of Vector Control, from performing work under the 2002 Vector Control Plan in 2004, Suffolk County, the Suffolk County Legislature, Suffolk County Council on Environmental Quality, Suffolk County Department of Public Works, and Dominick Ninivaggi appeal from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated November 12, 2004, which, among other things, granted the petition to the extent of annulling the determination that the extension into the year 2004 constituted a Type II action, and enjoined them from commencing or continuing work under the 2002 Vector Control Plan as extended into 2004.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

As there is no more work to be performed pursuant to the 2002 Vector Control Plan as extended into 2004, any determination by this Court with respect to the merits of the instant hybrid proceeding and action will not directly affect the parties' rights (*see Barrett Foods Corp. v New York City Bd. of Educ.,* 144 AD2d 410, 411 [1988]). Since the matter does not warrant invoking the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714 [1980]; *Matter of Peconic Baykeeper, Inc. v Suffolk County,* 17 AD3d 371, 372 [2005]), the appeal is dismissed as academic. Florio, J.P., Santucci, Goldstein and Skelos, JJ., concur.