(August 17, 2011)

In the Matter of ANTHONY FRASCONE, Respondent, v ROCKLAND COUNTY BOARD OF ELECTIONS et al., Respondents, and ROBERT L. JACKSON et al., Appellants. [928 NYS2d 478]—

Under the circumstances of this case, there was no basis for the Rockland County Board of Elections (hereinafter the Board of Elections) to reconsider the sufficiency of the five signatures in question on this appeal. The Board of Elections had already determined that two of the five signatures in question were valid, and that the three other signatures in question were valid in the event that it was ultimately determined that the failure of the subscribing witnesses to identify the town in which they resided was not a fatal defect.

In light of the parties' concession on appeal that the subscribing witnesses' failure to identify the town in which they resided was not a fatal defect, the Supreme Court's determination that those five signatures were valid, in this proceeding to validate the subject designating petition, should not be disturbed (*see Matter of Tabacco v Vitucci*, 59 AD3d 645, 645-646 [2009]; *Matter of Pataki v Hayduk*, 87 Misc 2d 1095, 1096-1098 [1976], *affd* 55 AD2d 861 [1976]). Moreover, since the objectors did not file a petition to invalidate the designating petition, the Supreme Court properly declined to consider other evidence as to the invalidity of those signatures (*see Matter of Ramos v Lawson*, 298 AD2d 610, 611 [2002]; *see also Matter of Krueger v Richards*, 59 NY2d 680, 682-683 [1983]; *Matter of Suarez v Sadowski*, 48 NY2d 620, 621 [1979]; *Matter of Jackson v Stevens*, 185 AD2d 960, 960-961 [1992]). Skelos, J.P., Covello, Balkin, Austin and Sgroi, JJ., concur.