Matter of Davis v Westchester County Bd. of Elections (2019 NY Slip Op 04319)





Matter of Davis v Westchester County Bd. of Elections


2019 NY Slip Op 04319


Decided on May 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2019-05617
 (Index No. 1738/19)

[*1]In the Matter of Ernest D. Davis, appellant,
v
Westchester County Board of Elections, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioner as a candidate in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party as its candidate for the public office of Mayor of the City of Mount Vernon, the petitioner appeals from a final order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated May 17, 2019. The final order, after a hearing, denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioner filed a petition with the Westchester County Board of Elections (hereinafter the Board) designating him as a candidate in a primary election to be held on June 25, 2019, for the nomination of the Democratic Party as its candidate for the public office of Mayor of the City of Mount Vernon. In reviewing the objections filed by the objector, Clinton I. Young, Jr., the Board, inter alia, invalidated a large number of signatures because the signature of a certain subscribing witness (hereinafter the subscribing witness) did not match the signature on record with the Board. The petitioner, who was left with fewer than the 750 required signatures, thereafter commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate his designating petition. At the ensuing hearing on the petition, the issue was limited to whether the pages of the designating petition that were invalidated based on the defective witness signatures of the subscribing witness should be reinstated.
At the conclusion of the hearing, counsel for the petitioner submitted a posthearing memorandum of law in which counsel conceded that the restoration of the pages witnessed by the subscribing witness would only yield a total of 306 additional signatures. That amount, when added to the 425 signatures that were found to be valid, would be insufficient to reach the required number of signatures to warrant validation of the designating petition. Consequently, counsel sought to challenge 25 additional signatures that had been invalidated by the Board on different grounds. However, the Supreme Court determined that since the new challenges were not raised in the petition, in the bill of particulars, or at the hearing, the petitioner was precluded from raising them in his posthearing memorandum of law. In a final order dated May 17, 2019, the court denied the petition, inter alia, to validate the designating petition and dismissed the proceeding. The petitioner appeals.
We agree with the Supreme Court's determination to preclude the petitioner from raising new challenges that were not raised in the petition, in the bill of particulars, or at the hearing.
In light of the concession of the petitioner's counsel that if the signatures witnessed by the subscribing witness were not invalidated based on the subscribing witness statements, the petitioner still would not have a sufficient number of valid signatures to warrant validation of his designating petition, the final order appealed from must be affirmed (see Matter of Frascone v Rockland County Bd. of Elections, 87 AD3d 667, 668).
The petitioner's remaining contentions either are not properly before this Court or need not be reached in light of our determination.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court