Matter of Morales v Burgos (2021 NY Slip Op 03133)





Matter of Morales v Burgos


2021 NY Slip Op 03133


Decided on May 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2021-03048
 (Index No. 54140/21)

[*1]In the Matter of Augustine Morales, petitioner-respondent,
v
Carlos M. Burgos, Jr., appellant, Westchester County Board of Elections, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Carlos M. Burgos, Jr., as a candidate in a primary election to be held on June 22, 2021, for the nomination of the Democratic Party as its candidate for the public office of Member of the Yonkers City Council, 4th Council District, Carlos M. Burgos, Jr., appeals from a final order of the Supreme Court, Westchester County (David Everett, J.), dated April 26, 2021. The final order, after a hearing, denied the motion of Carlos M. Burgos, Jr., pursuant to CPLR 3211(a)(7) to dismiss the petition, granted the petition, inter alia, to invalidate the designating petition, and directed the Westchester County Board of Elections to refrain from placing the name of Carlos M. Burgos, Jr., on the ballot.
ORDERED that the final order is modified, on the law, (1) by deleting the provision thereof granting the petition, inter alia, to invalidate the designating petition, and substituting therefor a provision denying the petition, inter alia, to invalidate the designating petition, and (2) by deleting the provision thereof directing the Westchester County Board of Elections to refrain from placing the name of Carlos M. Burgos, Jr., on the ballot, and substituting therefor a provision directing the Westchester County Board of Elections to place the name of Carlos M. Burgos, Jr., on the appropriate ballot; as so modified, the final order is affirmed, without costs or disbursements.
Carlos M. Burgos, Jr., filed a designating petition with the Westchester County Board of Elections (hereinafter the Board) containing 300 signatures, seeking to become a Democratic Party candidate for the public office of Member of the Yonkers City Council, 4th Council District. Augustine Morales filed timely objections and specifications of objections with the Board challenging all of the signatures on a variety of grounds. Morales also commenced this proceeding, inter alia, to invalidate the designating petition, and he both incorporated his specifications of objections by reference and attached them to the pleading. The Board issued a determination on the morning of April 13, 2021, ruling that 143 of the 300 signatures were invalid and that the designating petition thereby contained 157 valid signatures, enough for Burgos's name to appear on the appropriate ballot. Later that day, however, after a court conference on the petition, inter alia, to invalidate was held, the Board issued a purported revised determination ruling that 152 of the 300 signatures were invalid, but that the designating petition still contained 148 valid signatures, enough for Burgos's name to appear on the appropriate ballot. After a hearing, the Supreme Court invalidated 6 additional signatures, and, using the Board's purported revised determination as its baseline, concluded that the designating petition did not contain the required number of signatures. The court thus granted the petition, inter alia, to invalidate the designating petition in a final order dated April 26, 2021. The court in the same final order also denied Burgos's motion pursuant to CPLR 3211(a)(7) to dismiss the petition as insufficiently specific (see CPLR 3013, 3016[b]). Burgos [*2]appeals.
The Supreme Court properly denied Burgos's motion pursuant to CPLR 3211(a)(7) to dismiss the petition, inter alia, to invalidate the designating petition for lack of specificity. The petition seeks to invalidate the designating petition in its entirety for the reasons set forth in detail in the specifications of objections that were specifically incorporated into the pleading by reference. The incorporation by reference of the objections into the petition is sufficient (see Matter of Lynch v Duffy, 172 AD3d 1370, 1372-1373; Matter of Oberle v Caracappa, 133 AD2d 202, 203). Moreover, CPLR 3014 expressly provides that "[a] copy of any writing which is attached to a pleading is a part thereof for all purposes." The specifications of objections were attached as exhibits to the petition.
However, under the particular circumstances of this case, the Board should not have issued a revised determination (see Matter of Frascone v Rockland County Bd. of Elections, 87 AD3d 667; Matter of Tabacco v Vitucci, 59 AD3d 645, 645-646; Matter of Pataki v Hayduk, 87 Misc 2d 1095, 1096-1098 [Sup Ct, Westchester County], affd 55 AD2d 861). Since the Board's original determination ruled that 157 signatures were valid and the Supreme Court only invalidated 6 additional signatures upon the evidence adduced at the hearing, a total of 151 valid signatures remains, which exceeds the minimum number required for Burgos's name to appear on the ballot. Consequently, we modify the final order dated April 26, 2021, so as to deny the petition, inter alia, to invalidate the designating petition and direct the Board to place the name of Carlos M. Burgos, Jr., on the appropriate ballot.
The parties' remaining contentions are without merit.
AUSTIN, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court