Matter of Rimkus v Rogers (2023 NY Slip Op 05422)

Matter of Rimkus v Rogers

2023 NY Slip Op 05422

Decided on October 25, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, GREENWOOD, AND DELCONTE, JJ.

898 CAE 23-01638

[*1]IN THE MATTER OF MELANIE RIMKUS, PETITIONER-APPELLANT,
v
COLLEEN ROGERS, ERIE COUNTY BOARD OF ELECTIONS, AND RALPH MOHR AND JEREMY ZELLNER, COMMISSIONERS OF AND CONSTITUTING THE ERIE COUNTY BOARD OF ELECTIONS, RESPONDENTS-RESPONDENTS. 

PETER A. REESE, BUFFALO, FOR PETITIONER-APPELLANT. 
LAW OFFICE OF JOSEPH T. BURNS, WILLIAMSVILLE (JOSEPH T. BURNS OF COUNSEL), FOR RESPONDENT-RESPONDENT COLLEEN ROGERS. 
JEREMY C. TOTH, COUNTY ATTORNEY, BUFFALO, FOR RESPONDENTS-RESPONDENTS ERIE COUNTY BOARD OF ELECTIONS, AND RALPH MOHR AND JEREMY ZELLNER, COMMISSIONERS OF AND CONSTITUTING THE ERIE COUNTY BOARD OF ELECTIONS. 

 Appeal from an order of the Supreme Court, Erie County (Craig D. Hannah, J.), entered August 17, 2023, in a proceeding pursuant to Election Law article 16. The order, inter alia, dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking, inter alia, to validate her independent nominating petition (petition) to place her on the general election ballot as a candidate for the office of Councilmember of the Town of Alden. The petition was invalidated by respondent Erie County Board of Elections (Board), which determined in response to objections filed by respondent Colleen Rogers and after a hearing that the petition did not contain the 205 valid signatures required to place petitioner on the ballot for the office. Petitioner appeals from an order that, inter alia, dismissed her petition.
Supreme Court properly dismissed the petition. Contrary to petitioner's contention, the court properly determined that Rogers's specification of objections substantially complied with the requirements of Election Law § 6-154 (3) (a) (i). Although Rogers failed to specify the volume number for each of her individual objections, we note that she provided the page number and line number for each objection, thus providing the Board and petitioner with "all the information necessary to identify clearly the [contested signatures] involved" (Matter of Felsen v Scaringe, 54 NY2d 932, 934 [1981], rearg denied 54 NY2d 1026 [1981]). Indeed, inasmuch as petitioner filed only a single volume, the methodology used by Rogers was susceptible of no other interpretation (see Matter of Scheidlinger v Power, 208 Misc 717, 719 [Sup Ct, NY County 1955], affd 286 App Div 958 [1st Dept 1955]). We note, in addition, that petitioner failed to allege that any of the contested signatures were valid (see Matter of Hennessy v Oneida County Bd. of Elections, 217 AD3d 1452, 1453 [4th Dept 2023]; Matter of Boniello v Niagara County Bd. of Elections, 131 AD3d 806, 807 [4th Dept 2015]).
Contrary to petitioner's remaining contention, the court properly declined to issue a declaration that the Board violated the Open Meetings Law (see Public Officers Law § 104). Inasmuch as "[a]n unintentional failure to fully comply with the notice provisions required by [*2][the Open Meetings Law] shall not alone be grounds for invalidating any action taken at a meeting of a public body" (§ 107 [1]; see Matter of Save Monroe Ave., Inc. v Town of Brighton, N.Y. Off. of the Bldg. Inspector, 217 AD3d 1389, 1392 [4th Dept 2023]), issuing such a declaration would have had no effect on the rights of the parties (see Thrun v Cuomo, 112 AD3d 1038, 1041 [3d Dept 2013], lv denied 22 NY3d 865 [2014]; Mastrangelo v Nassau County, 102 AD2d 814, 815 [2d Dept 1984], appeal dismissed 63 NY2d 944 [1984]; see generally Wisholek v Douglas, 97 NY2d 740, 742 [2002]).
Entered: October 25, 2023
Ann Dillon Flynn
Clerk of the Court