Matter of Romeo v Lewis (2024 NY Slip Op 50672(U))

[*1]

Matter of Romeo v Lewis

2024 NY Slip Op 50672(U)

Decided on June 6, 2024

Supreme Court, Monroe County

Ciaccio, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 6, 2024
Supreme Court, Monroe County

In the Matter of the Application of Jamie Romeo and CHRIS R. BORDLEY, Petitioners, 
 For a Judgment and Order Pursuant to New York CPLR Article 78

against
Ann Lewis, Respondent-Candidate, and MONROE COUNTY BOARD OF ELECTIONS, 
 Lisa P. Nicolay and Jackie Ortiz, Commissioners of and Constituting the Monroe County Board of Elections, Respondent.

Index No. E2024007235

PHILLIPS LYTLE LLP, Rochester, New York (David L. Cook and Mark F. Pincelli, Esq.) for the Petitioners, Jamie Romeo and Chris R. Bordley.
JACOB ARK, ESQ., P.C., Rochester, New York (Jacob R. Ark, Esq.) for the Respondent-Candidate, Ann Lewis.
JOSEPH T. BURNS, ESQ., Williamsville, New York for the Respondent Monroe County Board of Elections (Lisa P. Nicolay).
SMITH, SOVIK, KENDRICK & SUGNET, P.C., Syracuse, New York (Steven W. Williams, Esq. and Joseph A. Gaetano, Esq.) for the Respondent Monroe County Board of Elections (Jackie Ortiz).

Christopher S. Ciaccio, J.

Respondent-candidate Anne Lewis, seeking to primary the designated Democratic Party candidate Jamie Romeo for Monroe County Clerk, filed her nominating petition on April 4, [*2]2024.
Chris R. Bordley, a "voter registered to vote for such public office" (Election Law § 6-154 [2]) filed specific objections to Anne Lewis's petition on April 14, 2024.
On April 22, 2024, the Monroe County Board of Elections sent an e-mail to the petitioners and respondents stating that it had determined preliminarily to invalidate the Lewis petition because it lacked a sufficient number of signatures.
On April 24, 2024, the Board held a hearing to make its "final determination."
Lewis argued that the specific objections contained a "defect": the time of the filed Lewis petition was listed on the specific objections as 3:39:01 PM rather than 3:49:01 PM.
The Board granted additional time to candidate Lewis to present evidence. On April 26, 2024, the Board convened another hearing and accepted "evidence" offered by candidate Lewis, which was not evidence at all but an uncited and unauthoritative legal commentary in an unidentified treatise on Election Law (Exhibit C of the Verified Petition).
Presumably on the basis of this unidentified commentary, Commissioner Lisa Nicolay, the Republican Party appointee, reversed her "preliminary" decision. In a letter dated April 26, 2024 the Board stated that "due to a split decision by the commissioners on the basis of the objector identifying the petition to file specific objections on, the petition is valid." To make a second presumption from this unfortunately poorly worded and obtuse letter, Commissioner Nicolay had decided that the specific objections did not "substantially comply" (9 NYCRR 6204.1) with Election Law § 6-154.
Because the Board was split on the validity of the objections the petition of candidate Lewis was deemed presumptively valid.
Candidate Romeo and the objector Chris Bordley filed an Order To Show Cause and Verified Petition on April 30, 2024, seeking relief pursuant to Article 78 in the nature of mandamus [FN1]
and requiring that the respondent Monroe County Board of Elections perform its ministerial duties as set forth in the Election Law, i.e., count the valid signatures and determine the validity of the Lewis petition.
Ann Lewis filed a Verified Answer and asserted several defenses and a motion to dismiss pursuant to CPLR § 3211 (a)(2) (statute of limitations). Respondent Lisa P. Nicolay also filed a Verified Answer containing objections and points of law, affirmative defenses and/or motion to dismiss.
Each respondent argues, indeed primarily argues, that the petition, characterized as one pursuant to Article 78, is untimely because in reality it is a petition to remove a candidate from the ballot and subject to the strict time limitations of Election Law section 16-102 (14 days from the time of the filed petition).
The court disagrees. The essential nature of the petition, indeed, its request for relief, is in the nature of mandamus to compel the Board to perform its ministerial duty, which is to rule on the validity of the signatures, which all concede it never did, and that as such the application was timely filed.
It is well-settled that an Article 78 proceeding in Election Law cases is appropriate to compel the board to perform its ministerial duty, and that the applicable statute of limitations is four months (CPLR § 217 [1]).
As the Court of Appeals held in Mansfield v Epstein (5 NY2d 70, 73 [1958]):
"Under the Election Law the Commissioner of Elections power to examine independent nominating petitions for the purpose of ascertaining whether they are signed by a sufficient number of qualified voters is purely ministerial (Wicksel v Cohen, 262 NY 446, 187 N.E. 634); as such it is reviewable not only in a proceeding brought under section 330 of the Election Law but likewise under Article 78 of the Civil Practice Act (see Schaffner v. Dooling, 258 App. Div. 735, 14 N.Y.S. 2nd 911)."
The Appellate Division, Fourth Department likewise held in Rivera v Northrop, 26 AD2d 612 4th Dept 1966, affd 17 NY2d 919 (1966) that:
"Relief may be granted in the nature of mandamus to compel the performance of ministerial acts by Commissioners of Election pursuant to Article 78 of the CPLR. Included in such ministerial acts is the clerical determination by the Commissioners as to whether petitions have been signed by a sufficient number of qualified voters."
More recently, in White v Joyner (81 Misc 3d 396, 399-400 [Sup Ct, Suffolk County 2023]), Supreme Court held that "it is equally well settled that in those cases where it is shown that public officials have failed in the proper performance of their duties, the 14-day limitation period does not apply." In White v Joyner, the Board of Elections certified the petition of a candidate who did not live in the district of the office for which he had been nominated, a fact plainly apparent on the face of the candidate's petition. A proceeding was brought pursuant to Article 78 to compel the Board of Elections to perform its duty, i.e., the ministerial act of examining the petition and decertifying a candidate who by his own admission was not qualified to serve the district. 
While Respondents pointed out that White v Joyner is not binding on this court, as it is a court of equal standing, the decision is well-reasoned and the case law is exhaustively discussed, providing citations to nearly the entire body of case law on the issue of the appropriateness of an Article 78 proceeding in Election Law cases.
And in Filiberto v Roosevelt Fire District (75 AD2d 572 [2d Dept 1980]), the Second Department held that "In an election case, a proceeding pursuant to CPLR Article 78 is the proper vehicle when there is no disputed fact question (citation omitted)." Here, no factual question has been raised, but only whether the Board has performed its ministerial duty of counting signatures.
Here, a proceeding in the nature of mandamus [FN2]
to compel is appropriate because "petitioner.... Has a clear legal right to the relief demanded and there exist(s) a corresponding [*3]nondiscretionary duty on the part of the administrative agency to grant that relief (Matter of Scherbyn v Wayne-Finger Lakes Bd. Of Co-op. Educ. Services, 77 NY2d 753, 757 [1991]). The objectants to the Lewis petition have a clear legal right to have the signatures on the Lewis nomination petition counted and their validity determined, a non-discretionary task (see Wicksel v Cohen, 262 NY 446, 449 [1933] [holding that the determination of the validity of signatures is a "ministerial duty"]). 
Respondent next argues that the Board cannot be compelled to do its "ministerial duty" because either it did its duty or it cannot do its duty, meaning, it may not have counted the signatures and issued a ruling on the validity of the signatures but it ruled (although it is difficult to discern from the clumsy "decision" indicating its split vote) that the failure of the specific objections to accurately denote the time the Lewis petition was filed meant the specific objections were essentially a nullity, thus relieving it of its task of counting signatures.
Respondent Nicolay cites to Morgia v Jefferson County Board of Elections, 80 Misc 3d 453 (Sup Ct, Jefferson County 2023), where Supreme Court held that the Board of Elections had overstepped its bounds in ruling that specific objections, which lacked the name of the candidate that the objections applied to, were invalid.
It cannot be seriously disputed that the instant case is distinguishable. In Morgia the specific objections omitted the very name of the candidate that the objections were directed at. Here, the only defect is that the specific objection's notation of the time of filing of the Lewis petition was off by ten minutes. The time of filing is not even a statutory requirement under Election Law § 6-154 or under 9 NYCRR 6204.1, unlike the name of the candidate being challenged, which the Morgia court says is a "fundamental element to a Notice of Objections" (Morgia v Jefferson County Board of Elections at 455). 
That court also stated that a "board of elections should not be made to try to divine the intention of the objector and proceed based on its intuition" (Morgia v Jefferson County Bd of Elections at 456). Here, the Monroe County Board of Elections, and Commissioner Nicolay specifically, needed to engage in no divination or exercise of intuition to determine that the specific objections filed by Bordley were directed at the only petition filed by candidate Lewis. It was obvious. The Board's determination was an error, and in essence, not a determination at all (see Rinkus v Rogers, 220 AD3d 1235 [4th Dept 2023]).
The learned judge in Morgia does not state where he derived the authority to override a judgment of the Board of Elections relating to the form of the specific objections, rendering them void — Election Law §16-102 grants no such authority — but it amounts to a holding that the determination of the Jefferson County Board of Elections — its act of "divination" — was "arbitrary and capricious" (CPLR §7803 [3]), a questionable conclusion given that the purpose of the rules regarding specific objections is to provide the "information necessary to identify clearly the offices involved (Felsen v Scaringe, 54 NY2d 932, 933-934 [1981]); see also Rinkus v Rogers, 220 AD3d 1235, 1236 [4th Dept 2023]).
Yet, Morgia can also be cited in support of the petitioners herein. Applying the Morgia reasoning, this court likewise has the authority to rule on the determination of the Monroe County Board of Elections as being "arbitrary and capricious." In rendering the specific objections filed to the Lewis petition void because of a ten-minute error, which had no effect whatsoever on its ability to identify the petition to which the objections applied (indeed, having already counted the signatures and made a preliminary determination that the Lewis petition was invalid), the Board acted arbitrarily.
[*4]CONCLUSION
The relief in the Petition is granted. The Monroe County Board of Elections is directed to perform its ministerial duty and determine the validity of the Lewis petition considering the specific objections.
The Petitioners shall file a proposed Order consistent with this Decision.
Dated: June 6, 2024
______________________________________
HON. CHRISTOPHER S. CIACCIO
Acting Supreme Court Justice

Footnotes

Footnote 1:The petition does not state whether the relief requested is in the nature of mandamus to review or mandamus to compel. There is a difference although both forms of relief can be requested (Matter of Scherbyn v Wayne Finger Lakes Board of Cooperative Educational Services, 77 NY2d 753, 757 [1991]). Discussed further below.

Footnote 2:The Petition only references Article 78. At oral argument counsel for the petitioners said the proceeding is one under CPLR 7803 (a). That does not quite answer the question whether the proceeding is one under subdivision (1) or subdivision (3) (that the determination of a board was arbitrary and capricious) of CPLR 7803 (a). Both provisions are applicable here. Th underlying context of the instant petition is that the Board not only didn't do its duty in failing to rule on the validity of the signatures, but in declaring the specific objections void, it made an arbitrary and capricious ruling.