Matter of Forrestal v Paek

2026 NY Slip Op 03100

May 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jacqueline Forrestal, et al., petitioners-respondents,

v

Kenneth C. Paek, appellant, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 14, 2026

2026-04458, (Index No. 711257/26)

Lara J. Genovesi, J.P.

Deborah A. Dowling

Lillian Wan

Carl J. Landicino

Susan Quirk, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Kenneth C. Paek as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Republican Party as its candidate for the public office of Member of the New York State Assembly for the 25th Assembly District, Kenneth C. Paek appeals from a final order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered May 4, 2026. The final order, upon an order of the same court entered May 1, 2026, denying the motion of Kenneth C. Paek pursuant to CPLR 3211(a) to dismiss the petition, inter alia, to invalidate the designating petition, confirmed the report of a referee (Andrew T. Lidowsky, Ct. Atty. Ref.) and, thereupon, granted the petition, inter alia, to invalidate the designating petition, and invalidated the designating petition.

ORDERED that the final order is affirmed, without costs or disbursements.

On April 6, 2026, a petition was filed with the Board of Elections in the City of New York (hereinafter the Board) designating Kenneth C. Paek as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Republican Party as its candidate for the public office of Member of the New York State Assembly for the 25th Assembly District. The petitioner Jacqueline Forrestal filed general objections to Paek's designating petition and, thereafter, specifications of objections. Forrestal and the petitioner Nily D. Rozic, an aggrieved candidate (hereinafter together the petitioners), commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate the designating petition, incorporating the specifications of objections by reference.

In an amended clerk's report dated April 28, 2026, the Board determined that Paek submitted a total of 498 valid signatures, which total was more than the 494 signatures required (see id. § 6-136[2]). On April 30, 2026, the petitioners submitted a list of exceptions to the Board's determination. Paek moved pursuant to CPLR 3211(a) to dismiss the petition, inter alia, to invalidate the designating petition on the ground of lack of specificity.

In an order entered April 30, 2026, the Supreme Court referred the matter to a court attorney referee for a de novo review of the disputed signatures. The court attorney referee conducted a line-by-line review in the presence of, among others, the petitioners' counsel and Paek. In a report dated May 1, 2026, the court attorney referee found that 10 signatures were invalid, leaving Paek with 488 valid signatures. In an order entered May 1, 2026, the court denied Paek's motion pursuant to CPLR 3211(a) to dismiss the petition, inter alia, to invalidate the designating petition. In a final order entered May 4, 2026, the court confirmed the report of the court attorney referee and, thereupon, granted the petition, inter alia, to invalidate the designating petition, and [*2]invalidated the designating petition. Paek appeals.

The Supreme Court properly denied Paek's motion pursuant to CPLR 3211(a) to dismiss the petition, inter alia, to invalidate the designating petition on the ground of lack of specificity. The petition sought to invalidate the designating petition in its entirety for the reasons set forth in the specifications of objections that were expressly incorporated into the pleading by reference. The incorporation by reference of the objections into the petition was sufficient (see Matter of Morales v Burgos, 194 AD3d 888, 890; Matter of Lynch v Duffy, 172 AD3d 1370, 1372-1373).

Paek's contention that the specifications of objections failed to substantially comply with the requirements of Election Law § 6-154(3)(a)(i) is without merit. Although Paek contends that the petitioners specified an incorrect volume number for their individual objections, it is undisputed that the petitioners provided the page number and line number for each objection. On this appeal, Paek has not asserted that he filed more than a single volume. The petitioners thus provided Paek with "all the information necessary to identify clearly the contested signatures involved" (Matter of Jones v De Santis, 227 AD3d 845, 847 [alteration and internal quotation marks omitted]; see Matter of Felsen v Scaringe, 54 NY2d 932, 934; Matter of Rimkus v Rogers, 220 AD3d 1235, 1235-1236).

Accordingly, the Supreme Court properly confirmed the referee's report and, thereupon, granted the petition, inter alia, to invalidate the designating petition, and invalidated the designating petition.

Paek's remaining contention is without merit.

We have not considered matter dehors the record referred to in the petitioners' brief (see Matter of Tiekert v Board of Appeals of the Vil. of Mamaroneck, 236 AD3d 803, 805).

GENOVESI, J.P., DOWLING, WAN, LANDICINO and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court